UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:25-cr-252 (CJN) |
| v. : | |
| : | |
| SEAN CHARLES DUNN : | |
| : | |
| *Defendant.* : | |

### GOVERNMENT'S MOTION *IN LIMINE*

The United States of America, through the undersigned counsel, respectfully submits the following motion *in limine*. This case involves the assault on a federal officer. While the facts are straightforward, there are foreseeable evidentiary issues that could jeopardize an orderly trial that adheres to binding legal precedent and the Federal Rules of Evidence. To ensure that trial proceeds within the bounds of relevant laws and rules, the Government submits this motion, through which it respectfully asks the Court to issue pretrial rulings prohibiting the defense from: (A) presenting irrelevant evidence or argument about potential punishment or consequences of the charged offense; (B) presenting irrelevant evidence or argument regarding the procedural history of the case; (C) presenting irrelevant evidence or argument about policy or political considerations concerning the Administration's efforts to prevent crime and preserve order through the Make the District of Columbia Safe and Beautiful Initiative, to the extent it does not serve as motive evidence of the Defendant, and (D) presenting impeachment evidence for non-testifying witnesses.

I.     **RELEVANT BACKGROUND**

Defendant Sean Charles Dunn is charged with assaulting, opposing, impeding, and interfering with a federal officer, in violation of 18 U.S.C. § 111(a)(1). *See* ECF No. 25. The charge stems from an incident that occurred on August 10, 2025. Specifically, on that date, at approximately 11:00 p.m., Metro Transit Police Department ("MTPD") officers and U.S. Customs

and Border Protection ("CBP") agents were patrolling the area of 2001 14th Street NW in Washington, D.C. The group of officers included the victim, CBP Agent G.L., who was, at the time of the offense, an employee of the United States and acting in performance of his official duties. The Defendant began shouting at the group of officers. He then aggressively approached the officers, while they were standing on the corner of 14th and U Streets, NW and began yelling obscenities at them. The Defendant approached G.L., stood within inches of G.L.'s face, repeatedly pointed his finger in G.L.'s face, and yelled, "Fuck you! You fucking fascists! Why are you here? I don't want you in my city!" The Defendant continued acting belligerently toward G.L. and the other officers for several minutes before crossing the street, where the Defendant continued to yell obscenities at them.

At approximately 10:56 p.m., the Defendant re-approached G.L. and the other officers, who were still standing on the same corner. He again began yelling profanities at the officers. At approximately 10:58 p.m., the Defendant stood directly in front of G.L., screamed in his face, and then threw a sandwich at him, striking G.L. in the chest. The Defendant immediately fled on foot, sprinting across the busy intersection. The officers pursued the Defendant, apprehending him a block away. While being processed at the Metropolitan Police Department's Third District Station, the Defendant spontaneously uttered, "I did it. I threw a sandwich." He also stated that the reason he assaulted the officer was to distract the officers so that they could not carry out their official duties, which he incorrectly believed was immigration enforcement.

On September 30, 2025, in compliance with the Court's Pretrial Scheduling Order, dated September 25, 2025 (ECF #13), the Government had a "meet and confer" call with counsel of record on this Motion and was advised that the Defendant would not concur with the relief sought.

2

Trial is scheduled for November 3, 2025. Through this filing, and in compliance with the Court's scheduling order, the Government moves *in limine* as specified below.

## II.     LEGAL STANDARD

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and … the fact is of consequence in determining the action." Fed. R. Evid. 401.   While "[i]rrelevant evidence is not admissible," Fed. R. Evid. 402, relevant evidence generally is.  One exception to Rule 402's general rule of admissibility of relevant evidence is Rule 403, which provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.    Notably, Rule 403 renders relevant evidence inadmissible upon a showing that it presents a risk of "unfair prejudice," *i.e.* prejudice that is "compelling or unique," *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995), or has "an undue tendency to suggest decision on an improper basis," *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013).

"[T]he burden is on the introducing party to establish relevancy," *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990), as well as admissibility under other evidentiary rules. Further, "[i]n deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008); *see also United States v. Abel*, 469 U.S. 45, 54 (1984) ("Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 ….").

### III. THE GOVERNMENT'S MOTION IN LIMINE

To convict the Defendant of the charged offense, the Government must prove that: (1) the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer or an employee of the United States; (2) the defendant did such acts forcibly; (3) the defendant did such acts voluntarily and intentionally; and (4) the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of official duties or on account of the performance of official duties.[1] 18 U.S.C. § 111(a)(1); *see also United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002); *United States v. Lewellyn*, 481 F.3d 695, 699 (9th Cir. 2007); *United States v. Kleinbart*, 27 F.3d 586, 592 (D.C. Cir. 1994) (quoting *United States v. Feola*, 420 U.S. 671, 686 (975).

While the facts and evidence the Government intends to present in this case are straightforward, the Government moves *in limine* to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Barnes v. D.C.*, 924 F. Supp. 2d 74, 78-79 (D.D.C. 2013) (citing *Graves v. D.C.*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990))). The Government also seeks pretrial resolution of certain foreseeable issues because objecting to and arguing about them during trial not only has the potential to waste time and irritate jurors but also to risk the added prejudice of emphasizing inadmissible evidence or improper fact-assuming questions before the jury. *See id.* (referencing *Banks v. D.C.*, 551 A.2d 1304, 1310 (D.C. 1988); 75 Am. Jur. 2d Trial § 94 at 306-07 ("the mere

---

[1] The Defendant is charged with a misdemeanor violation of 18 U.S.C. § 111(a). The more serious felony violation, which is not charged in this case, requires the additional element of proving that the act involved physical contact with the victim of the assault, or that it was committed with the intent to commit another felony. *Id.* The statute also provides for a sentencing enhancement where a deadly or dangerous weapon was used to commit the assault, or where the assault resulted in bodily injury. 18 U.S.C. § 111(b). These sentencing enhancements are not applicable in this case.

asking of an improper question in the hearing of the jury may prove so prejudicial that, notwithstanding an instruction by the court to disregard the offensive matter, the moving party will be denied his right to a fair trial").

The foreseeable evidentiary issues involve inflammatory evidence or argument that could invite jury nullification. It is well established that a defendant has no right to ask a jury to nullify the charges against him. *See, e.g.*, *Sparf v. United States*, 156 U.S. 51, 101–02 (1895) ("We must hold firmly to the doctrine that in the courts of the United States it is the duty of juries in criminal cases to take the law from the court and apply that law to the facts as they find them to be from the evidence."). And our Courts "have the duty to forestall or prevent such conduct" if it can be done without "interfering with guaranteed rights or the need to protect the secrecy of jury deliberations." *United States v. Wilkerson*, 966 F.3d 828, 835 (D.C. Cir. 2020) (citing *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997)).

The D.C. Circuit has made clear:

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. <u>Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power</u>.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983) (emphasis added). Evidence that only serves to support a jury nullification argument or verdict has no relevance to guilt or innocence. *See United States v. Gorham*, 523 F.2d 1088, 1097–98 (D.C. Cir. 1975). As such, the government respectfully requests that defense counsel be precluded from asking questions, or making argument, regarding any of the following topics.

### A. The Court Should Preclude the Defendant from Presenting Evidence or Argument Related to Potential Punishment or Consequences of the Charged Crime.

**1.**

The Court should preclude the defendant from referencing the potential punishment or consequences that may result from a conviction at trial. Such matters are for the Court to decide and are not material to the jury's determination of guilt or innocence.

D.C. Jury Instruction 2.505, which the Government intends to request, states:

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

As the D.C. Circuit has explained: "It is well established in this jurisdiction that the jury's only function is to assess guilt or innocence on the basis of their independent view of the evidence." *United States v. Patrick*, 494 F.2d 1150, 1153 (D.C. Cir. 1974) (finding reversible error when the judge informed the jury it could recommend psychiatric treatment as a potential sentence). Therefore, "the jury is not to consider the potential punishment which could result from a conviction." *United States v. Broxton*, 926 F.2d 1180, 1183 (D.C. Cir. 1991); *see also United States v. Dupree*, No. CR 22-275 (CKK), 2024 WL 2746963, at *2 (D.D.C. May 29, 2024) (granting government's motion *in limine* on similar grounds because "arguments regarding the consequences of conviction are categorically impermissible.");*United States v. Wilkins*, 538 F.Supp.3d 49, 67 (D.D.C. 2021) (granting government's request to prohibit defense from introducing evidence, advancing arguments or questions, or otherwise mentioning any potential penalties defendant may face if convicted); *Shannon v. United States*, 512 U.S. 573, 579 (1994) (noting that evidence relating to the punishment and effect of a defendant's conviction are

6

not probative as to innocence or guilt and can needlessly confuse the jury); *United States v. Bell*, 506 F.2d 207, 226 (D.C. Cir. 1974) ("evidence which has the effect of inspiring sympathy for the defendant or for the victim . . . is prejudicial and inadmissible when otherwise irrelevant"); *United States v. Sutton*, 636 F. Supp. 3d 179, 210 (D.D.C. 2022) (the Court further concludes that testimony and argument about the potential consequences of prosecution have no place at trial). Because the question of a potential sentence is not for the jury, it can only serve to distract the jury, unfairly garner sympathy for the Defendant, confuse the issues, and function as a request for nullification. Therefore, defense counsel should be precluded from raising this issue in front of the jury and should, specifically, be precluded from making any reference to the potential penalty for the charged offense, whether the Defendant's "liberty" is at stake, or whether the Defendant suffered any collateral consequences as a result of his criminal behavior, including loss of employment.

### B. The Court Should Preclude the Defendant from Presenting Irrelevant Evidence Regarding the Procedural History of the Case.

2.
The Court should similarly preclude the Defendant from admitting irrelevant evidence or argument about the procedural history of the case. It is simply not relevant to whether the Defendant is guilty of the charged offense. Specifically, as noted above, the Defendant was arrested on August 10, 2025, shortly after he assaulted CBP Agent G.L. approximately one block from where the assault took place. On August 13, 2025, the Defendant was charged by a criminal complaint for a felony violation of 18 U.S.C. § 111(a). The following day, he was arrested on the complaint and released on personal recognizance without objection from the government. On August 27, 2025, the Defendant was charged by a criminal information with a misdemeanor violation of 18 U.S.C. § 111(a). The criminal information is the controlling charging document.

7

The decision to charge the Defendant, the existence of the prior criminal complaint, the Defendant's subsequent arrest, and any reason for proceeding in this matter by way of a criminal information (rather than indictment) is not relevant to the charged offense. This includes whether the case was presented to a grand jury. It is a well-settled legal principle that an indictment is not evidence, nor should any inferences be drawn from its existence. *See* D.C. Jury Instruction 2.106, which states:

> The [indictment] is merely the formal way of accusing a person of a crime. You must not consider the [indictment] as evidence of any kind – you may not consider it as any evidence of [the defendant's] guilt or draw any inference from it.

*See also United States v. McGill,* 815 F.3d 846, 938 (D.C. Cir. 2016) (court properly instructed jury that indictment is not evidence); *Dallago v. United States*, 427 F.2d 546, 553 (D.C. Cir. 1969) (where the trial court intends to send indictment to the jury room, defendant's counsel should be notified and allowed to request cautionary instruction). It follows that any purely procedural event leading up to the issuance or non-issuance of a charging document should similarly not be admitted as evidence, since it too is not relevant to the charged offense. *See United States v. Thomas*, 114 F.3d 228, 249-50 (D.C. Cir. 1997) (district court properly refused cross-examination of police officers on defendant's related acquittal in juvenile court, noting lack of relevance, hearsay nature of evidence, and prejudicial effect); *United States v. Sutton*, 636 F. Supp. 3d 179, 209-10 (D.D.C. 2022) (precluding testimony regarding the prosecution's charging decision because it is "irrelevant, inappropriate for consideration by the jury, invite[s] jury nullification, and distract[s] from the issues at trial"); *United States v. Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir. 1998) (district court has discretion to exclude from evidence acquittals or other favorable outcomes of prior state court proceedings involving the same subject matter since it does not prove innocence

8

and may confuse the jury); *United States v. Irvin*, 787 F.2d 1506, 1517 (11th Cir. 1986) (even if the evidence of prior acquittal was otherwise admissible, it would be properly excludable under Rule 403, *Fed.R.Evid.,* because its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury) (citing *United States v. Kerley,* 643 F.2d 299, 301 (5th Cir. 1981)).  This is particularly true for matters occurring before the grand jury, which fall under the secrecy restrictions mandated by Rule 6(e) of the Federal Rule of Criminal Procedure. The Defendant should therefore not be permitted to introduce evidence or make arguments related to the procedural history of the case since such evidence or arguments would only serve to confuse the jury or invite nullification.

### C. The Court Should Preclude the Defendant from Presenting Evidence or Argument About Policy or Political Considerations Concerning the Administration's Efforts to Combat Crime or Preserve Order in the District of Columbia.

The Court should preclude the Defendant from admitting evidence or making argument about policy or political considerations concerning the Administration's efforts to prevent crime and preserve order through the Make the District of Columbia Safe and Beautiful Initiative (the "Initiative"), or the Defendant's policy or political viewpoints and affiliations.  It is simply not relevant to the jury's determination.  There has been extensive public reporting about the Initiative. *See, e.g.* https://www.whitehouse.gov/presidential-actions/2025/03/making-the-district-of-columbia-safe-and-beautiful/; https://www.legalclinic.org/re-president-trumps-making-the-district-of-columbia-safe-and-beautiful-executive-order/; https://www.acludc.org/publications/executive-order-making-district-columbia-safe-and-beautiful-eo-14252/; https://www.foxnews.com/politics/trump-vows-make-dc-safer-beautiful-capital-battles-crime-homelessness.  This reporting has generated strong reactions from the public

9

about the Initiative, both positive and negative. The policy and political considerations behind the Initiative are not relevant to the charged conduct and should not be litigated in front of a jury. Any attempt to introduce evidence or argument on these issues is immaterial and solely for the purpose of jury nullification. Evidence or argument regarding the policy or political considerations behind the Initiative is impermissible, as is the Defendant's policy or political viewpoints and affiliations, including his political or policy views to the Initiative, except to the extent that the Defendant's views may be relevant to the Government in establishing his motive.

The Court "'retains broad discretion to control cross-examination'" and may prohibit the Defendant from presenting inadmissible evidence or argument. *United States v. Sutton*, 2024 WL 278070, at \*\*11-12 (slip op.) (D.D.C. Jan. 25, 2024) (quoting *United States v. Hemphill*, 514 F.3d 1350, 1360 (D.C. Cir. 2008)); *United States v. Anderson*, 881 F.3d 1128, 1138-39 (D.C. Cir. 1989)) (Friedman, J.). This is true, because "[a]lthough criminal defendants have a right to present a defense, courts are not required to permit defendants to present to the jury evidence that is not admissible because it is not relevant or probative of a fact of consequence." *Id.* at \*11 (citing *United States v. Yousef*, 327 F.3d 56, 128 (2d Cir. 2003); *United States v. Libby*, 467 F. Supp. 2d 20, 27 (D.D.C. 2007) (Walton, J.)).

The policy or political considerations behind the Initiative are not relevant to any of the elements of the offense. Any examination that probes into these issues would be improper. *See United States v. Biden*, 2024 WL 3892623, at \*2 (D.Del. Jun. 2, 2024) ("[S]ubmission regarding any witnesses' political bias are excluded from introduction or admission at trial because such questioning, testimony, evidence or argument is not relevant, is unduly prejudicial and invites nullification."); *Beyene v. Hilton Hotels Corp.*, 2012 WL 13214662, at \*3 (D.D.C. Nov. 13, 2012)

(excluding references to religion or national origin where the claim was negligent retention after the plaintiff-employee reported co-workers for making threats against then-President George W. Bush because, under Fed. R. Evid. 403, such evidence would have little probative value and a high likelihood of being "potentially inflammatory"); *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (holding that defendant's argument that indictment was a political instrument was extraneous and collateral to the charged conduct and evidence of it would have delayed the trial and confused issues, and was therefore properly excluded under Rule 403). Thus, only evidence and argument relevant to the elements of the charged offenses can be properly admitted at trial.

### D. The Court Should Preclude the Defendant from Presenting Impeachment Evidence for Non-Testifying Witnesses.

The Court should preclude the Defendant from attempting to impeach Government witnesses with statements made by someone other than the witness. Of course, Government witnesses, like any other witness, are subject to cross-examination, including cross-examination for any potential bias. *United States v. Robinson*, 530 F.2d 1076, 1079-1082 (D.C. Cir. 1976). Those witnesses, however, cannot be impeached with any supposed bias exhibited by a non-testifying witness whose statements are not introduced through a hearsay exception. *See United States v. Drew*, 422 F. App'x 1, 2 (D.C. Cir. 2011) (non-precedential) (affirming exclusion of impeachment evidence for a non-testifying witness (citing Fed. R. Evid. 613(b))); *United States v. Pena*, 24 F.4th 46, 68 (1st Cir. 2022) (permitting impeachment of "a non-testifying declarant's credibility if the declarant's out-of-court statement is admitted into evidence for its truth," and holding that "[o]therwise, the out-of-court statement would not constitute admissible hearsay"). Thus, the defendant should be precluded from attempting to present improper impeachment evidence about non-testifying witnesses.

11

### E. The Court Should Preclude the Defendant from Presenting Evidence or Argument, Pursuant to Rule 403 of the Federal Rule of Evidence.

Finally, the Court should preclude the Defendant from presenting evidence or argument concerning – the potential punishment or consequences of the charged offense; the procedural history of the case; and policy or political considerations concerning the law enforcement Initiative – since admission would unfairly prejudice the Government. Federal Rule of Evidence 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

*See United States v. Zeese*, 437 F.Supp.3d 86 (D.D.C. 2020) ("In a criminal case, a defendant's constitutional right to present a defense extends only to relevant evidence and even relevant evidence may be subject to reasonable restrictions on admissibility, such as those found in Rule 403"). Even if the Defendant could articulate a relevancy basis for this evidence – a fact the Government does not concede – its probative value would be minimal, at best, and its far outweighed by its prejudicial effect – to include distracting the jury, unfairly garnering sympathy for the Defendant, confusing the issues, and functioning as an invitation for jury nullification. Thus, evidence or argument on these matters should further be precluded under Rule 403.

### IV. CONCLUSION

For the foregoing reasons—and to ensure an orderly trial that proceeds within the bounds of relevant legal precedents, principles, and rules—the Government moves *in limine* and respectfully requests that the Court prohibit the Defendant from: (A) presenting irrelevant evidence or argument about potential punishment or consequences of the charged offense; (B) presenting irrelevant evidence or argument regarding the procedural history of the case; (C) presenting

irrelevant evidence or argument about policy or political considerations concerning the Administration's efforts to prevent crime and preserve order through the Make the District of Columbia Safe and Beautiful Initiative, to the extent it does not serve as motive evidence of the Defendant, and (D) presenting impeachment evidence for non-testifying witnesses. Furthermore, admission of such evidence at trial would unfairly prejudice the Government.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: */s/ Michael C. DiLorenzo*
Michael C. DiLorenzo (MD Bar # 931214 0189)
John Parron (PA Bar # 324503 / NY Bar # 5808522)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C.  20530
202-252-7650
202-252-6885
Michael.Dilorenzo@usdoj.gov
John.Parron@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Case No. 1:25-cr-252 (CJN) |
| v. | : | |
| | : | |
| **SEAN CHARLES DUNN** | : | |
| | : | |
| *Defendant.* | : | |

# ORDER

Upon consideration of the Government's Motion *in Limine*, any response thereto, and for good cause shown, it is hereby

ORDERED that the Government's motion is GRANTED. It is further

ORDERED that the Defendant is prohibited from: (A) presenting irrelevant evidence or argument about potential punishment or consequences of the charged offense; (B) presenting irrelevant evidence or argument regarding the procedural history of the case; (C) presenting irrelevant evidence or argument about policy or political considerations concerning the Administration's efforts to prevent crime and preserve order through the Make the District of Columbia Safe and Beautiful Initiative, to the extent it does not serve as motive evidence of the Defendant, and (D) presenting impeachment evidence for non-testifying witnesses.

IT IS SO ORDERED this _____ day of _____, 2025.

_____
THE HONORABLE CARL J. NICHOLS
UNITED STATES DISTRICT JUDGE