UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SEAN CHARLES DUNN,<br><br>*Defendant.* | Case No. 25-CR-252 (CJN) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT SEAN CHARLES DUNN'S MOTION TO STRIKE SURPLUSAGE**

Sabrina P. Shroff (D.D.C. Bar No. NY0481)
80 Broad Street, 19th Floor
New York, NY 10004
Tel: (646) 763-1490
sabrinashroff@gmail.com

Julia Gatto (*Pro Hac Vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
jgatto@steptoe.com

Nicholas Silverman (D.D.C. Bar No. 1014377)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
Tel: (202) 429-3000
Fax: (202) 429-3902
nsilverman@steptoe.com

*Counsel for Defendant
Sean Charles Dunn*

Dated: October 15, 2025

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. i
INTRODUCTION ........................................................................................................... 1
ARGUMENT .................................................................................................................. 2
I.    THE MISDEMEANOR OFFENSE IN 18 U.S.C. § 111(a) CRIMINALIZES "ONLY SIMPLE ASSAULT" NOT FELONY-LEVEL CONDUCT ......................... 2
II.   THE FELONY-LEVEL LANGUAGE IN THE INFORMATION IS IRRELEVANT AND PREJUDICIAL SURPLUSAGE AND SHOULD BE STRUCK UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 7(d) .......................................... 4
III.  THE GOVERNMENT SHOULD BE PRECLUDED FROM ARGUING THAT FELONY-LEVEL, NON-ASSAULTIVE CONDUCT IS A BASIS FOR CONVICTION ........................................................................................................ 6
CONCLUSION ............................................................................................................... 8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Fed. Educ. Ass'n v. Trump*,
   No. 25-1362, 2025 WL 2355747 (D.D.C. Aug. 14, 2025) .............................................. 1

*Old Chief v. United States*,
   519 U.S. 172 (1997) ....................................................................................................... 7

*Smith v. United States*,
   568 U.S. 106 (2013) ....................................................................................................... 7

*United States v. Briley*,
   770 F.3d 267 (4th Cir. 2014) .......................................................................................... 3

*United States v. Buck*,
   No. 10–20350, 2011 WL 576649 (E.D. Mich. Feb. 9, 2011) ........................................ 6

*United States v. Chapman*,
   528 F.3d 1215 (9th Cir. 2008) ........................................................................................ 3

*United States v. Cua*,
   657 F. Supp. 3d 106 (D.D.C. 2023) ............................................................................... 3

*United States v. Davis*,
   690 F.3d 127 (2d Cir. 2012) ........................................................................................... 3

*United States v. Fornah*,
   124 F. App'x 4 (D.C. Cir. 2005) .................................................................................... 5

*United States v. Gagnon*,
   553 F.3d 1021 (6th Cir. 2009) ........................................................................................ 3

*United States v. Gartmon*,
   146 F.3d 1015 (D.C. Cir. 1998) ..................................................................................... 7

*United States v. Gotti*,
   42 F. Supp. 2d 252 (S.D.N.Y. 1999) .............................................................................. 5

*United States v. Hubbard*,
   474 F. Supp. 64 (D.D.C. 1979) ...................................................................................... 5

*United States v. Moore*,
   651 F.3d 30 (D.C. Cir. 2011) ......................................................................................... 7

*United States v. Poindexter*,
    725 F. Supp. 13 (D.D.C. 1989) .................................................................................. 5

*United States v. Quinn*,
    401 F. Supp. 2d 80 (D.D.C. 2005) .............................................................................. 5

*United States v. Reid*,
    No. 25-cr-00244-SLS (D.D.C. filed July 23, 2025) ..................................................... 4

*United States v. Rezaq*,
    134 F.3d 1121 (D.C. Cir. 1998) .................................................................................. 5

*United States v. Singhal*,
    876 F. Supp. 2d 82 (D.D.C. 2012) .............................................................................. 5

*United States v. Stands Alone*,
    11 F.4th 532 (7th Cir. 2021) ....................................................................................... 3

*United States v. Stewart*,
    No. 25-mj-225 (zmf), 2025 WL 2754480 (D.D.C. Sept. 29, 2025) ............................. 1

*\*United States v. Warnagiris*,
    699 F. Supp. 3d 31 (D.D.C. 2023) .............................................................................. 3

*United States v. Wilkins*,
    538 F. Supp. 3d 49 (D.D.C. 2021) .............................................................................. 7

*United States v. Williams*,
    602 F.3d 313 (5th Cir. 2010) ...................................................................................... 3

*United States v. Wolfname*,
    835 F.3d 1214 (10th Cir. 2016) .................................................................................. 3

*United States v. Xiong*,
    No. 07-CR-112, 2007 WL 2703859 (E.D. Wis. Sept. 14, 2007) ................................ 6

*United States v. Xiong*,
    No. 07-CR-112, 2007 WL 4206640 (E.D. Wis. Nov. 26, 2007) ................................. 6

**Statutes**

18 U.S.C. § 111(a) ............................................................................................... 1, 2, 3, 4

**Rules**

Fed. R. Crim. P. 7(a)(1) ............................................................................................... 2

Fed. R. Crim. P. 7(c)(1) ............................................................................................... 4

Fed. R. Crim. P. 7(d) .................................................................................................... 4, 5

Fed. R. Crim. P. 58(a) ...................................................................................................... 2

Fed. R. Evid. 403 ............................................................................................................. 7

**Other Authorities**

U.S. Const. amend. V ..................................................................................................... 2

Fed. R. Crim. P. 7(d) .................................................................................................... 4, 5

Fed. R. Crim. P. 58(a) ...................................................................................................... 2

Fed. R. Evid. 403 ............................................................................................................. 7

**Other Authorities**

U.S. Const. amend. V ..................................................................................................... 2

**INTRODUCTION**

After a duly convened federal grand jury declined to indict Mr. Dunn on felony charges under 18 U.S.C. § 111(a), the Government took the highly unusual step of pressing forward anyway—charging Mr. Dunn by information with the misdemeanor offense of "only simple assault."

Ordinarily, a grand jury's refusal to indict ends a prosecution. But these are no longer ordinary times. As Magistrate Judge Faruqui recently observed, in connection with another example of this prosecuting office's attempts to make an "end run" around the normal course of justice—conduct he warned was eroding public trust—"the irregular is now the regular." *United States v. Stewart*, No. 25-mj-225 (zmf), 2025 WL 2754480, at *1 (D.D.C. Sept. 29, 2025); *see also Fed. Educ. Ass'n v. Trump*, No. 25-1362, 2025 WL 2355747, at *11 (D.D.C. Aug. 14, 2025) (Judge Friedman observing that "[i]n just six months, the President of the United States may have forfeited the right to [] a presumption of regularity") (collecting cases).

The instant Information is not merely "irregular"; it exceeds the statutory limits Congress imposed on misdemeanor offenses under § 111(a). Section 111(a)'s misdemeanor provision applies solely to "simple assault," yet the Information alleges that Mr. Dunn "did forcibly assault, resist, oppose, impede, intimidate, and interfere with" a federal officer. The additional verbs—"resist, oppose, impede, intimidate, and interfere"—apply only to Section 111(a)'s felony offenses, which require an indictment returned by a grand jury—an indictment absent here.

This is not a harmless drafting error. By smuggling felony-level language into a misdemeanor charge, the Information risks misleading the jury into convicting on

1

conduct Congress expressly excluded from Section 111(a)'s "only simple assault" provision. On its face, the Information misstates the law, mischaracterizes the offense, and creates a substantial danger of prejudice by implying that Mr. Dunn is accused, and can be convicted, of far more serious conduct than the statute permits.

The Court should strike this surplusage and bar the Government from presenting argument or evidence suggesting non-assaultive conduct is a proper basis for conviction.

## ARGUMENT

### I. THE MISDEMEANOR OFFENSE IN 18 U.S.C. § 111(a) CRIMINALIZES "ONLY SIMPLE ASSAULT" NOT FELONY-LEVEL CONDUCT

A felony offense—any offense punishable by death or by imprisonment for more than one year—must be prosecuted by indictment. *See* U.S. Const. amend. V; Fed. R. Crim. P. 7(a)(1). A misdemeanor—any offense punishable by imprisonment for one year or less—may be prosecuted by information. *See* Fed. R. Crim. P. 58(a).

Here, the Government has charged Mr. Dunn by information. Because no indictment was returned, the Government is limited to prosecuting the misdemeanor offense of Section 111(a)— "simple assault." It may not prosecute the felony offenses.

Section 111(a) applies when an individual "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" a designated federal officer while the officer is engaged in official duties. 18 U.S.C. § 111(a)(1). The statute's penalties clause establishes three distinct offenses:

1. Conduct that "constitute[s] only simple assault"—punishable by a fine and/or imprisonment of one year or less (the simple-assault offense);

2. Conduct that "involve[s] physical contact with the victim of that assault"—punishable by up to 8 years (the physical-contact offense); and

    3. Conduct that "involve[s] … the intent to commit another felony"—also punishable by up to 8 years (the other-felony offense).

*See* 18 U.S.C. § 111(a); *United States v. Cua*, 657 F. Supp. 3d 106, 113 (D.D.C. 2023).

By its plain language, the statute requires assault for the first two offenses: the misdemeanor offense requires "only simple assault," and the physical-contact felony offense requires "physical contact with the victim of that assault." 18 U.S.C. § 111(a). The third, the other-felony offense, has no assault requirement; it can be violated by non-assaultive conduct—such as resisting, opposing, impeding, intimidating, or interfering—but only when done with "the intent to commit another felony." *Cua,* 657 F. Supp. 3d at 113 (holding that the misdemeanor and physical contact felony offenses in § 111(a) "require an assault," but the other-felony offense does not); *United States v. Warnagiris,* 699 F. Supp. 3d 31, 46 (D.D.C. 2023) (Friedman, J.) ("[T]his Court joins Judge Moss's view [in *Cua*] that assault is a necessary element for Section 111(a)'s misdemeanor offense and for the physical-contact felony offense, but not for the other-felony offense.").[1]

Because misdemeanor simple assault requires proving assault, there is no need for the jury to consider whether the defendant "forcibly … resist[ed], oppose[d], impede[d],

---

[1] Although the D.C. Circuit has not spoken to the issue, some circuit courts have disputed whether the three offenses under 18 U.S.C. § 111(a) require assault as an element. *Compare United States v. Davis*, 690 F.3d 127 (2d Cir. 2012) (finding that assault is a necessary element of the misdemeanor offense under Section 111(a)); *United States v. Wolfname*, 835 F.3d 1214, 1218 (10th Cir. 2016) (finding assault is always a necessary element for any offense under Section 111(a), including misdemeanor simple assault); *and United States v. Chapman*, 528 F.3d 1215, 1218 (9th Cir. 2008) (same), *with United States v. Gagnon*, 553 F.3d 1021, 1026-27 (6th Cir. 2009) (rejecting plain meaning based on assertion that requiring assault would render other five verbs surplusage); *United States v. Williams*, 602 F.3d 313, 317-18 (5th Cir. 2010) (same); *United States v. Briley*, 770 F.3d 267, 274 (4th Cir. 2014) (same); *United States v. Stands Alone*, 11 F.4th 532, 535 (7th Cir. 2021) (same). As explained by the Second Circuit in *Davis*, the surplusage concern is baseless; the non-assault verbs remain "prohibited by the felony clause 'where such acts . . . involve the intent to commit another felony'" and therefore are not surplusage. 690 F.3d at 136-37 (citation omitted).

intimidate[d], or interfere[d]" with a qualifying officer. Further, those verbs apply only to the felony offenses under the statute. Therefore, where, as here, the grand jury rejected felony charges and the government elects to proceed by misdemeanor information under § 111(a), it cannot rely on non-assaultive conduct. Nor can it embed felony-only language into a misdemeanor charge as the basis for conviction.[2]

## II. THE FELONY-LEVEL LANGUAGE IN THE INFORMATION IS IRRELEVANT AND PREJUDICIAL SURPLUSAGE AND SHOULD BE STRUCK UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 7(d)

Rule 7(d) permits the Court, "upon the defendant's motion," to strike surplusage from an indictment or information. This provision exists to protect defendants from unfair prejudice caused by allegations unnecessary to set forth "a *plain*, *concise*, and definite written statement of the *essential facts* constituting the offense charged." Fed. R. Crim. P. 7(c)(1) (emphases added). As the Advisory Committee explained, Rule 7(d) "introduces a means of protecting the defendant against immaterial or irrelevant allegations." Fed. R. Crim. P. 7(d) Advisory Comm. Note to Subdivision (d), 1944 Adoption.

Courts in this Circuit have not hesitated to strike surplusage where it is irrelevant to the offense charged and risks misleading, confusing, or inflaming the jury. *See, e.g.*, *United States v. Singhal*, 876 F. Supp. 2d 82, 102-03 (D.D.C. 2012) (striking language

---

[2] The alternative is to require the government to prove that the individual charged with the misdemeanor *both* "forcibly resist[ed], oppose[d], impede[d], intimidate[d], or interfere[d]" *and* committed simple assault against a qualifying officer. Based on the docket and Judge Sookanan's in-court comments, that appears to be the jury instruction that will be given in the trial scheduled to commence on October 14, 2025, in *United States v. Reid*, No. 25-cr-00244-SLS (D.D.C.). However, Mr. Dunn respectfully submits that any inclusion of the five non-assault verbs would risk jury confusion.

4

that would confuse the jury and lead it to believe that a broader scope of activity was illegal); *United States v. Hubbard*, 474 F. Supp. 64, 82-83 (D.D.C. 1979) (striking "colorful words" such as "infiltrate," "burglary," "cover up," "covertly," "bogus," "illegally," and "operatives" as prejudicial and unnecessarily loaded); *United States v. Poindexter*, 725 F. Supp. 13, 35 (D.D.C. 1989) (striking certain language from indictment).

The surplusage here should be struck because "it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Fornah*, 124 F. App'x 4, 6 (D.C. Cir. 2005) (quoting *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998)). Including language reserved for a felony violation of the statute in the Information is precisely the type of prejudicial surplusage Rule 7(d) was designed to eliminate. These words serve no legitimate charging purpose, yet carry a substantial risk of misleading the jury into believing the defendant is accused of more serious or additional crimes than those legally alleged. Courts have repeatedly recognized this danger and acted to prevent it by striking such language. *See, e.g., Poindexter*, 725 F. Supp. at 35; *United States v. Quinn*, 401 F. Supp. 2d 80, 99 (D.D.C. 2005) (striking statements from indictment that only served to suggest to the jury that the defendants' conduct was criminal before defendants had an opportunity to defend themselves); *United States v. Gotti*, 42 F. Supp. 2d 252, 293 (S.D.N.Y. 1999) (striking allegations from which jury could infer defendant was accused of crimes not charged in indictment); *United States v. Buck*, No. 10–20350, 2011 WL 576649, at *2 (E.D. Mich. Feb. 9, 2011) (striking the phrase "too numerous to list" from an indictment because it served no useful purpose and had "potential to inflame the jury into believing that Defendant has committed many more crimes than those charged"); *United States v. Xiong*, No. 07-CR-

5

112, 2007 WL 2703859, at *11 (E.D. Wis. Sept. 14, 2007) (striking allegations of a crime not clearly related or material to the charged conspiracy because "the jury could draw the inference that the defendants are accused of crimes not charged in the indictment"), *R. & R. adopted*, No. 07-CR-112, 2007 WL 4206640 (E.D. Wis. Nov. 26, 2007).

The unfair prejudice is especially acute in this case. A grand jury has *rejected* the Government's attempt to charge the five verbs listed in the Information. Those felony-level verbs are irrelevant to the misdemeanor offense charged and inflammatory and prejudicial in a way that undermines the fairness of the proceedings. To ensure the defendant is judged solely on the conduct actually charged (and that is legally allowed to be charged by Information), the Court should strike this surplusage.

### III. THE GOVERNMENT SHOULD BE PRECLUDED FROM ARGUING THAT FELONY-LEVEL, NON-ASSAULTIVE CONDUCT IS A BASIS FOR CONVICTION

Even if the felony-level language is removed from the Information, the risk of prejudice will remain unless the Government is precluded from arguing—directly or indirectly—that non-assaultive conduct of "resisting, opposing, impeding, intimidating, or interfering" can serve as a basis for conviction. Any such argument would misstate the law, risk confusing the jury about the elements of the charged offense, and undermine the grand jury's constitutional role in refusing to indict on felony charges. Federal Rule of Evidence 403 requires precluding such argument and evidence.

Under Rule 403, Courts should exclude evidence that risks misleading jurors about the elements of an offense. *See, e.g., United States v. Moore*, 651 F.3d 30, 63 (D.C. Cir. 2011) (district court likely erred by allowing the government to "introduc[e] the evidence of uncharged conduct in question because it was not 'intrinsic' to the charged

6

conduct"), *aff'd sub nom. Smith v. United States,* 568 U.S. 106 (2013). Likewise, courts prohibit advocacy that has "an undue tendency to suggest decision on an improper basis." *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). Where, as here, evidence "poses a heightened risk of unfair prejudice or confusion of the issues," the lack of clarity invites "improper and unnecessary inferences" and "generate[s] confusion" in the jury's deliberations. *United States v. Wilkins,* 538 F. Supp. 3d 49, 74 (D.D.C. 2021).

Allowing the Government to suggest that non-assaultive conduct is a permissible basis for Mr. Dunn's conviction would do precisely what Rule 403 forbids—mislead the jury and distort the elements of the offense. The Court should therefore make clear that such argument and evidence are off-limits.[3]

---

[3] If non-assaultive conduct evidence is introduced for a proper purpose, a limiting instruction should be given advising the jury that this conduct does not constitute assault, and the jury may not consider it as a basis for conviction.

7

## CONCLUSION

For the foregoing reasons, Mr. Dunn respectfully requests that the Court grant his motion and (i) strike prejudicial surplusage from the Information; and (ii) exclude prejudicial or misleading argument and evidence from trial. Mr. Dunn also requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/
Sabrina P. Shroff (D.D.C. Bar No. NY0481)
80 Broad Street, 19th Floor
New York, NY 10004
Tel: (646) 763-1490
sabrinashroff@gmail.com

Julia Gatto (*Pro Hac Vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
jgatto@steptoe.com

Nicholas Silverman (D.D.C. Bar No. 1014377)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
Tel: (202) 429-3000
Fax: (202) 429-3902
nsilverman@steptoe.com

*Counsel for Defendant
Sean Charles Dunn*

Dated: October 15, 2025