UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              v.<br><br>SEAN CHARLES DUNN,<br><br>              *Defendant*. | Case No. 25-CR-252 (CJN) |

**DEFENDANT SEAN CHARLES DUNN'S OPPOSITION AND RESPONSE
TO THE GOVERNMENT'S MOTION IN LIMINE**

**TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................. 1

A.  THE GOVERNMENT'S MOTION REGARDING PUNISHMENT AND
    CONSEQUENCES OF THE CHARGED CRIME................................................... 1

B.  THE GOVERNMENT'S MOTION REGARDING THE PROCEDURAL HISTORY
    OF THE CASE ....................................................................................................... 4

C.  THE GOVERNMENT'S MOTION REGARDING "POLICY OR POLITICAL
    CONSIDERATIONS" CONCERNING THE MAKE THE DISTRICT OF
    COLUMBIA SAFE AND BEAUTIFUL INITIATIVE........................................... 6

    1.  Mr. Dunn's Viewpoints Are Admissible Evidence of His State of Mind and
        To Rebut Motive Evidence........................................................................... 6

    2.  The Initiative's Purpose Is Admissible Evidence that Agent Lairmore Was
        Not Engaged In "Official Duties" and Evidence of Witness Bias .............. 7

    3.  Any Rule 403 Objection Fails ..................................................................... 8

D.  THE GOVERNMENT'S MOTION REGARDING "IMPEACHMENT EVIDENCE
    FOR NON-TESTIFYING WITNESSES" ............................................................. 8

E.  CONCLUSION...................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Davis v. Alaska*, 415 U.S. 308 (1974) ................................................................................. 8

*Olden v. Kentucky*, 488 U.S. 227 (1988) ............................................................................. 6

*United States v. Abel*, 469 U.S. 45 (1984) ....................................................................... 8, 9

*United States v. Brown*, 503 F. Supp. 2d 239 (D.D.C. 2007) ............................................. 2

*United States v. Broxton,* 926 F.2d 1180 (D.C. Cir. 1991) ................................................. 3

*United States v. Deel*, No. 1:09CR00022, 2010 WL 519836 (W.D. Va. Feb. 11, 2010) ...... 2

*United States v. Drew*, 422 F. App'x 1 (D.C. Cir. 2011) ..................................................... 9

*United States v. Feola*, 420 U.S. 671 (1975) ................................................................... 5, 7

*United States v. Grant*, 775 F.2d 508 (3d Cir. 1985) .......................................................... 2

*United States v. Kosinski*, No. 3:16-CR-00148 (VLB), 2017 WL 4953902 (D. Conn. Oct. 31, 2017) ............................................................................................................................ 2

*United States v. Lucas*, 395 F. Supp. 3d 241 (W.D.N.Y. 2019) ......................................... 2

*United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130 (D.D.C. 2015) .......................... 5

*United States v. Pena*, 24 F.4th 46 (1st Cir. 2022) ............................................................. 9

*United States v. Robinson*, 530 F.2d 1076 (D.C. Cir. 1976) .............................................. 9

*United States v. Sutton*, 801 F.2d 1346 (D.C. Cir. 1986) ................................................ 5, 6

*United States v. Wilkins,* 538 F.Supp.3d 49 (D.D.C. 2021) ............................................... 3

*Villaroman v. United States*, 184 F.2d 261 (D.C. Cir. 1950) ............................................. 8

**Statutes**

18 U.S.C. § 111 ................................................................................................................. 5, 7

**Rules**

Fed. R. Evid. 401 ..................................................................................................................... 5

Fed. R. Evid. 402 ..................................................................................................................... 4

Fed. R. Evid. 613(b) ................................................................................................................. 9

**Other Authorities**

D.C. Jury Instruction 2.505 ..................................................................................................... 3

Mr. Sean Dunn, through undersigned counsel, files this opposition and response to the government's motion in limine (*see* ECF No. 21) ("Gov't MIL"). In its motion, the government asks that the Court: (A) preclude Mr. Dunn from presenting evidence or argument related to potential punishment or consequences of the charged crime; (B) preclude Mr. Dunn from presenting evidence regarding the procedural history of the case; (C) preclude Mr. Dunn from presenting evidence or argument "about policy or political considerations" regarding the Make the District of Columbia Safe and Beautiful Initiative—the initiative by which the officer alleged to have been assaulted by the sandwich was at the scene on August 10, 2025; and (D) preclude Mr. Dunn from presenting impeachment evidence of the government's non-testifying government witnesses.[1]

## ARGUMENT

### A. THE GOVERNMENT'S MOTION REGARDING PUNISHMENT AND CONSEQUENCES OF THE CHARGED CRIME

Mr. Dunn does not intend to introduce affirmative evidence of the penalties or consequences of the charged misdemeanor, including any potential term of incarceration, fines, or other punishments he might face if convicted.

The government's motion, however, goes further. Although framed as a request to preclude evidence of conviction-related punishment, it seeks to bar any reference to whether Mr. Dunn has suffered "any collateral consequences as a result of his criminal

---

[1] The government also asks the court to (E) preclude Mr. Dunn from presenting the same evidence or argument under Fed. R. Evid. 403. Because the government does not meaningfully develop Section E as a separate argument, Mr. Dunn addresses Fed. R. Evid. 403 considerations within the initial four Sections. *See also Turse v. U.S. Dep't of Defense*, No. 22-cv-2970 (APM), 2025 WL 588203, at *1 (D.D.C. Feb. 24, 2025) ("Plaintiff refers to [a legal standard] in passing but advances no reason why the invocation is improper. … The court is not required to address an argument a party itself has not developed.").

1

behavior, including the loss of employment." Gov't MIL at 7. This overbroad request—unsupported by any legal authority—would improperly restrict Mr. Dunn's right to testify.

If Mr. Dunn elects to testify, he is entitled to provide background information about himself, including his education, work history, and circumstances leading up to and following the charged incident. This Court has broad discretion to admit appropriate background testimony, including a defendant's employment history and life circumstances. *See United States v. Brown*, 503 F. Supp. 2d 239, 242 n.4 (D.D.C. 2007) ("Certainly, the trial court is entitled to wide discretion concerning the admissibility of background evidence.") (citing *United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988)).

Such testimony is routinely permitted to give jurors a complete and accurate understanding of a witness's perspective, credibility, and life context. *See, e.g., United States v. Grant*, 775 F.2d 508, 513 (3d Cir. 1985) ("During the course of a trial, it is customary for the defendant to introduce evidence concerning his background, such as information about his education and employment. Such evidence is routinely admitted without objection…"); *United States v. Kosinski*, No. 3:16-CR-00148 (VLB), 2017 WL 4953902, at *6 (D. Conn. Oct. 31, 2017) (admitting limited testimony from defendant about, inter alia, his family background and employment to "tell 'the jury something about the defendant as a person, and his experience in life'"); *United States v. Deel*, No. 1:09CR00022, 2010 WL 519836, at *1 (W.D. Va. Feb. 11, 2010) ("I will allow a defendant who testifies to give a brief and straight-forward recitation of his life history, including employment and family details, simply as background evidence for the jury's benefit to judge his credibility."); *United States v. Lucas*, 395 F. Supp. 3d 241, 256 (W.D.N.Y. 2019)

(appropriate for jury to hear general background information concerning a significant witness).

The government offers no authority for its attempt to limit this type of testimony. The long string-cite provided in its motion addresses an entirely different issue—that jurors should not be told what statutory penalties might be imposed if a defendant is convicted. *See, e.g.,* D.C. Jury Instruction 2.505 (instructing jury that "possible punishments *in the event of a conviction*" "is not of [their] concern") (emphasis added); *United States v. Broxton,* 926 F.2d 1180, 1183 (D.C. Cir. 1991) ("the jury is not to consider the potential punishment which could *result from a conviction*") (emphasis added); *United States v. Wilkins,* 538 F. Supp. 3d 49, 67 (D.D.C. 2021) (prohibiting defendant from introducing evidence about "penalties [defendant] may face *if convicted*") (emphasis added). Those rulings do not extend to truthful testimony about events that have actually occurred in a defendant's life since his arrest and that are unrelated to sentencing.

While the defense will not introduce evidence of the statutory penalties Mr. Dunn faces if convicted, Mr. Dunn should be permitted to testify about his own life story, including relevant events that occurred after his arrest. The government has provided no legal basis to support its attempt to preclude such facts, and its motion should be denied to the extent it seeks to do so.

## B. THE GOVERNMENT'S MOTION REGARDING THE PROCEDURAL HISTORY OF THE CASE

Although the government's motion is vague as to what "procedural history" it seeks to exclude, to the extent it aims to preclude evidence about the government's unsuccessful attempt to secure a felony indictment, the motion is moot. Mr. Dunn does not intend to introduce affirmative evidence that the grand jury declined to return felony charges.[2] He does, however, reserve the right to use evidence concerning the failed grand jury, including grand jury materials, for impeachment or other permissible purposes under the Federal Rules of Evidence should witness testimony or government argument open the door or for evidence of bias should a witness involved in the decision to prosecute Mr. Dunn testify.[3]

The motion must be denied, however, insofar as it seeks to exclude evidence concerning Mr. Dunn's initial arrest on the night of the incident, his processing by local law enforcement, and his presentment in Superior Court the following day.

First, under Federal Rule of Evidence 402, relevant evidence is admissible unless

---

[2] Mr. Dunn reserves the right to introduce such evidence if the government invites inaccurate and prejudicial juror speculation that a grand jury has in fact approved the charge against Mr. Dunn. Courts around the country have held that even an acquittal would be relevant and admissible to prevent potential mistaken speculation that a defendant had been found guilty of misconduct referenced in witness testimony. *See, e.g.*, *Kinney v. People*, 187 P.3d 548 (Colo. 2008) (en banc) (reversing conviction for failure to inform jury that defendant had been previously acquitted of sexual assaults discussed in witness testimony); *Williams v. United States*, 77 A.3d 425 (D.C. 2013) (holding that the court may admit acquittals but affirming under the facts of the case); *see also United States v. Bailey*, 319 F.3d 514, 518 (D.C. Cir. 2003) (holding that district court should have admitted evidence that defendant had not yet been tried for accusations admitted as 404(b) evidence because jurors might otherwise speculate that defendant was convicted). The Court's instructions should make clear that this is not like typical jury cases in which a prosecution has been approved and brought on behalf of a grand jury. If the government introduces contrary evidence or argument, Mr. Dunn has a right to rebut the potential misleading, prejudicial speculation that would ensue.

[3] *See United States v. Safavian*, No. 05-cr-370, 2008 WL 5255534, at *1 (D.D.C. Dec. 12, 2008) (noting that vindictive and selective prosecution evidence may be admissible where it goes to "bias, prejudice or credibility of a particular witness").

4

barred by the Constitution, a statute, the Rules of Evidence, or other rules prescribed by the Supreme Court. Evidence is "relevant" if it has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. The government's burden under 18 U.S.C. § 111(a) includes proving beyond a reasonable doubt that the person allegedly assaulted was (1) a federal officer, and (2) engaged in the performance of official federal duties at the time of the incident. *See United States v. Feola*, 420 U.S. 671, 684 (1975) (holding that while the defendant need not know the victim's federal status, the government must prove the victim was in fact a federal officer performing official duties). Evidence that Mr. Dunn was arrested, processed, and presented by local—rather than federal—authorities is probative of whether the alleged victim was acting within the scope of official federal duties at the time. Because this evidence goes to an essential element of the charged offense, it is relevant under Rule 401, admissible under Rule 402, and raises no Rule 403 concerns.

Second, this "procedural history" evidence provides necessary context for the jury to evaluate Mr. Dunn's post-arrest statements, should the government introduce them at trial. The government has given notice of its intent to elicit at trial statements Mr. Dunn made about his conduct on the night of his arrest. Those statements were made while in the custody of local law enforcement. Should they be admitted, Mr. Dunn is entitled to elicit the circumstances under which they were made. See *United States v. Sutton*, 801 F.2d 1346, 1368 (D.C. Cir. 1986) (holding trial court erred by excluding evidence that provided context for defendant's post-arrest statement); *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 198–99 (D.D.C. 2015), *aff'd*, 902 F.3d 285 (D.C. Cir. 2018) (admitting evidence necessary to understand the context of post-arrest

5

statements). Such evidence is relevant and highly probative, and the government cannot credibly claim that a straightforward recitation of arrest and processing details would cause unfair prejudice under Rule 403.

### C. THE GOVERNMENT'S MOTION REGARDING "POLICY OR POLITICAL CONSIDERATIONS" CONCERNING THE MAKE THE DISTRICT OF COLUMBIA SAFE AND BEAUTIFUL INITIATIVE

The government does not define what it means by "policy" or "policy considerations." Although impossibly vague and hard to comprehend what exactly the government seeks to preclude, it appears to be seeking preclusion of two different categories of evidence: (1) the Administration's own "policy or political consideration[s] concerning [its] efforts to prevent crime and preserve order through the Make the District of Columbia Safe and Beautiful Initiative" (the "Initiative"); and (2) Mr. Dunn's "policy or political viewpoints and affiliations, including his political or policy views to the Initiative." Both are independently admissible.

#### 1. Mr. Dunn's Viewpoints Are Admissible Evidence of His State of Mind and To Rebut Motive Evidence.

The government concedes that Mr. Dunn's viewpoints about the Administration's use of federal troops in D.C. are relevant to determining his motive. Despite recognizing the evidence's admissibility, the government simultaneously seeks to preclude Mr. Dunn from admitting such evidence (or even making argument). Gov't MIL at 9-11. The Rules of Evidence apply equally to both parties, and evidence cannot be selectively admitted for one side without distorting the record. *Sutton*, 801 F.2d at 1368 (rule of completeness prevents "misleading impressions" from one-sided presentation); *see also Olden v. Kentucky*, 488 U.S. 227, 232 (1988) (exclusion of evidence undermining government's

theory violates the defendant's right to present a complete defense). Because the government puts Mr. Dunn's state of mind at issue, he is entitled to litigate it.

The evidence is necessary to rebut the government's anticipated motive evidence. The prosecution has indicated that it will introduce video evidence showing Mr. Dunn shouting at officers, and it will argue that such evidence—while not assault itself—is relevant because it provides necessary context and supports an inference that the sandwich toss was assaultive conduct. Mr. Dunn should be allowed to present Initiative-related evidence and his viewpoints to offer a different explanation: that his statements were directed at policy, not at the officers in their official duties.

### 2. The Initiative's Purpose Is Admissible Evidence that Agent Lairmore Was Not Engaged In "Official Duties" and Evidence of Witness Bias.

The Initiative's purpose to enforce local law is relevant factual and contextual evidence that should be admitted. Mr. Dunn is not seeking to admit these "considerations" as evidence that the Administration is anti-crime or that the Administration has any preference for how Washington, D.C. functions. Instead, evidence that the alleged federal officer was enforcing local laws far beyond CBP's remit on the night in question is directly relevant to whether the alleged victim was acting within the scope of his "official duties" under 18 U.S.C. § 111—an essential element the government must prove beyond a reasonable doubt. *See United States v. Feola*, 420 U.S. 671, 684 (1975).

Excluding this evidence would violate Mr. Dunn's Sixth Amendment right to confront adverse witnesses and present a complete defense. Cross examination into the Initiative's purpose, scope, and application is proper impeachment, as it is probative of

7

bias, motive, or a misunderstanding of duties by government witnesses. *See Davis v. Alaska*, 415 U.S. 308, 315–16 (1974) (exposure of a witness's bias, motive, or prejudice is a constitutionally protected form of cross examination). Criminal procedure permits a defendant to cross-examine witnesses about their own bias and credibility. *See United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."); *Villaroman v. United States*, 184 F.2d 261, 262 (D.C. Cir. 1950) ("Bias of a witness is always relevant" and "may be shown by contradiction of his testimony or other independent evidence").

### 3. Any Rule 403 Objection Fails.

The probative value of Mr. Dunn's views and the purpose of the Initiative is high: it goes to an essential element of the charge, the defendant's state of mind, and the credibility of government witnesses. The risk of unfair prejudice is minimal, and any such risk can be mitigated by a limiting instruction. Wholesale exclusion is neither warranted nor legally permissible.

### D. THE GOVERNMENT'S MOTION REGARDING "IMPEACHMENT EVIDENCE FOR NON-TESTIFYING WITNESSES"

The government's broadly worded request for a blanket prohibition against "presenting impeachment evidence for non-testifying witnesses" should be denied. The motion fails to identify any specific declarants or out-of-court statements, making it impossible for the defense to meaningfully respond and preventing the Court from determining which provisions of the Federal Rules of Evidence apply—an analysis that

8

necessarily depends on the content and circumstances of the particular statement.

Without that specificity, the Court cannot determine whether the rules governing credibility impeachment or those governing bias impeachment are implicated. That distinction is critical, yet the government's motion blurs it entirely. More specifically, in asserting that "[government] witnesses … cannot be impeached with any supposed bias exhibited by a non-testifying witness," the government relies on *United States v. Drew*, 422 F. App'x 1, 2 (D.C. Cir. 2011), a case applying Rule 613(b) and addressing limits on admitting extrinsic evidence of prior inconsistent statements. But Rule 613(b) limitations do not apply to bias impeachment. Bias evidence—unlike evidence offered solely to attack truthfulness—is not subject to the same restrictions and may be proven with extrinsic evidence. *See United States v. Abel*, 469 U.S. 45, 52 (1984) (bias evidence is almost always relevant and admissible, even if it would otherwise be barred as hearsay when offered for its truth); *United States v. Robinson*, 530 F.2d 1076, 1079 (D.C. Cir. 1976) (recognizing wide latitude in admitting bias evidence).

The government's reliance on *United States v. Pena*, 24 F.4th 46 (1st Cir. 2022), is equally misplaced. *Pena* concerns Rule 806 and the impeachment of a non-testifying declarant, not the admissibility of bias evidence against a testifying government witness—an entirely different evidentiary scenario than the one implicated here.

In short, by seeking to bar all impeachment evidence tied to non-testifying witnesses, the government misstates the rules of evidence and threatens to improperly foreclose legitimate avenues of cross examination protected by the Sixth Amendment.

The Court should deny the motion in its entirety. At the very least, the Court should require the government to specify the particular statements and witnesses it

9

seeks to exclude so that the defense has an opportunity to meaningfully respond and the Court can make an informed ruling.

## CONCLUSION

For the foregoing reasons, and for any other reasons this Court may determine at the pretrial conference, Mr. Dunn respectfully requests that the Court deny the government's motion.

Respectfully submitted,

*/s/*
Sabrina P. Shroff (D.D.C. Bar No. NY0481)
80 Broad Street, 19th Floor
New York, NY 10004
Tel: (646) 763-1490
sabrinashroff@gmail.com

Julia Gatto (*Pro Hac Vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
jgatto@steptoe.com

Nicholas Silverman (D.D.C. Bar No. 1014377)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
Tel: (202) 429-3000
Fax: (202) 429-3902
nsilverman@steptoe.com

*Counsel for Defendant*
*Sean Charles Dunn*

Dated: October 27, 2025

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Opposition to the Government's Motion in Limine and accompanying papers, was served via ECF, this 27th day of October 2025, upon all attorneys included on the ECF notice in case number 1:25-CR-00252 (CJN).

                                  */s/ Nicholas Silverman*
                                  **STEPTOE LLP**

                                  *Counsel for Defendant Sean Charles Dunn*