**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>SEAN CHARLES DUNN,<br><br>        *Defendant*. | Case No. 25-CR-252 (CJN) |

**REPLY IN FURTHER SUPPORT OF DEFENDANT SEAN CHARLES DUNN'S MOTION TO STRIKE SURPLUSAGE**

Section 111(a)'s text and structure clearly and unambiguously establish a misdemeanor offense that applies only to simple assault. That interpretation is confirmed by the legislative history in which Congress created a misdemeanor offense for "simple assault," while retaining a felony offense for "all other cases." No surplusage problem exists: the non-assault verbs in the statute cannot give rise to liability for misdemeanor simple assault, but they can establish felony violations, as this Court held in *United States v. DaSilva*, No. 21-cr-564 (CJN) (D.D.C. 2021). Because misdemeanor liability under Section 111(a) demands proof of simple assault, the non-assault allegations should be stricken from the Information and related evidence and argument precluded.

I.   SECTION 111(A)'S TEXT AND STRUCTURE ARE CLEAR: A PERSON CAN ONLY COMMIT A MISDEMEANOR VIOLATION IF THEIR ACTS CONSTITUTE SIMPLE ASSAULT

When construing any law, "analysis begins with 'the language of the statute.'" *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) (citation omitted). "And where the statutory language provides a clear answer, it ends there as well." *Id.* (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)). Where examining the text's "ordinary meaning and structure . . . yields a clear answer, judges must stop." *Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 436 (2019) (citation modified) ("Even those of us who sometimes consult legislative history will never allow it to be used to muddy the meaning of clear statutory language.").

Section 111(a)'s text and structure are clear. There are three tiers of offenses, and the misdemeanor offense is expressly limited to conduct that "constitute[s] only simple

assault." 18 U.S.C. § 111(a). Those words mean what they say, and the government proposes no contrary interpretation of "only simple assault."

Indeed, this Court has interpreted Section 111(a)'s text before and concluded that a misdemeanor violation requires proof of simple assault. After multiple arguments and briefs over four months in *United States v. DaSilva*, the Court determined that while "assault is not a requirement of proving a violation of 111 in that third bucket [violations with intent to commit another felony]. *It is, of course, for the first two [buckets]*," one of which is misdemeanor simple assault. Motions Hr'g Tr., *DaSilva*, No. 21-cr-564 (CJN) (D.D.C. May 23, 2023) (emphasis added).[1] Other judges agree. *See* Mem. Supp. Mot. to Strike at 3 & n.1, 4 n.2 (collecting cases including holdings of Judge Moss, Judge Friedman, and Judge Sooknanan that misdemeanor offenses under § 111(a) require proof of assault). A misdemeanor violation of Section 111(a) requires proof of simple assault.

The government's lone textual or structural argument is that the sentence's reference to "acts in violation of this section" means that *all* violations must be covered by *each* clause that follows, or else, five non-assault verbs will be rendered surplusage. But as this Court and others have repeatedly explained, because the statute's five non-assault acts are criminally prohibited by the felony clause "where such acts involve . . . the intent to commit another felony," those five non-assault acts are not surplusage. *United States v. Davis*, 690 F.3d 127, 136-37 (2d Cir. 2012) (citation modified). There is no canon of interpretation that demands that each of the three crimes defined in Section

---

[1] The cited transcript was not docketed in *DaSilva* but has been filed in this case at ECF No. 26-3.

111(a) make use of every verb contained in the statute.[2] The government's reading is without merit and should be rejected.

## II. THE LEGISLATIVE HISTORY OF 18 U.S.C. § 111(A) CONFIRMS THE DEFENDANT'S READING OF THE STATUTE

The Court need not reach the question of legislative history, but if it chooses to do so, that history confirms that "simple assault" was added as a misdemeanor while the other five non-assault verbs remained relevant to proving a felony.

Until 1994,[3] Section 111(a) contained no misdemeanor offense. Instead, Section 111(a) made it a felony (punishable by up to three years in prison) to forcibly assault, resist, oppose, impede, intimidate, or interfere with a qualifying person. The Violent Crime Control and Law Enforcement Act of 1994 created a new misdemeanor offense for "only simple assault," but continued to classify "all other cases" as felonies. *See* 18 U.S.C. § 111 (as amended Sep. 13, 1994) (attached hereto as Ex. A).[4] In other words, Congress intentionally classified "simple assault" not involving forcible resistance, opposition, impediment, intimidation, or interference as a misdemeanor, while excluding "all other cases" from that misdemeanor. All non-assaultive conduct remained untouched, no surplusage was created. Simple assault, without more, was simply assigned misdemeanor status.

---

[2] If one accepts the government's argument, then the government must prove that Mr. Dunn *both* forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Agent G.L. *and* that his act "constitute[d] . . . simple assault." 18 U.S.C. § 111(a). Any other interpretation would render the simple assault requirement surplusage.

[3] The government dwells on pre-1994 cases that discussed intent for the felony violation to apply to non-assaultive conduct. *See* Opp. at 6-7. Those cases predate the creation of a misdemeanor crime, interpret felony liability and are irrelevant to the Court's analysis.

[4] The law also added "or inflicts bodily injury" to 18 U.S.C. § 111(b). It made no other changes to 18 U.S.C. § 111.

4

The government's contrary argument would lead to an absurd result and surplusage and should therefore be rejected. *See, e.g.*, *Media Matters for Am. v. Paxton*, 732 F. Supp. 3d 1, 16 (D.D.C. 2024) ("When construing a statute, the court . . . must steer clear of outcomes that are both 'contrary to common sense' and 'absurd when considered in the particular statutory context.'" (quoting *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1068 (D.C. Cir. 1998)). If the government's argument—that "simple assault" includes forcible resistance, opposition, impediment, intimidation, or interference—were correct, then "all other cases" would be a null set. If "simple assault" were so broad as to eliminate "all other cases," that would have rendered Section 111's felony offense surplusage with no discernible effect. That cannot be what Congress intended. Instead, Congress intended "simple assault" to be misdemeanor "simple assault," and for the remaining verbs to be "all other cases" that remained felony violations.

The simple assault offense has not been amended in the thirty-one years since and remains the same misdemeanor that was enacted in 1994.[5] As demonstrated by the legislative history, that misdemeanor applies only to those defendants who commit simple assault.

III. <u>THE FELONY VERBS CANNOT SERVE AS A BASIS FOR CONVICTION, SO THEY MUST BE STRICKEN AND THE GOVERNMENT MUST BE PRECLUDED FROM ARGUING THEM</u>

The government's reading of the Section 111 embeds felony verbs, which require an indictment to charge, in a misdemeanor information. Worse yet, those uncharged

---

[5] Congress' 2008 amendment did not change the misdemeanor offense at all and is therefore irrelevant. It merely limited the "all other cases" felony to require either physical contact or intent to commit another felony. Congress did not expand or change the definition of simple assault.

5

verbs implicate Mr. Dunn's constitutionally protected speech for which he cannot be convicted. The Court should prevent such prejudice by striking the felony verbs and excluding any related argument or evidence from trial.

## CONCLUSION

For the foregoing reasons, Mr. Dunn respectfully requests that the Court grant his motion and (i) strike prejudicial surplusage from the Information; and (ii) exclude prejudicial or misleading argument and evidence from trial.

Respectfully submitted,

*/s/*
Sabrina P. Shroff (D.D.C. Bar No. NY0481)
80 Broad Street, 19th Floor
New York, NY 10004
Tel: (646) 763-1490
sabrinashroff@gmail.com

Julia Gatto (*Pro Hac Vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
jgatto@steptoe.com

Nicholas Silverman (D.D.C. Bar No. 1014377)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
Tel: (202) 429-3000
Fax: (202) 429-3902
nsilverman@steptoe.com

*Counsel for Defendant*
*Sean Charles Dunn*

Dated: October 29, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply in Further Support of Defendant's Motion to Strike Surplusage was served via ECF, this 29th day of October 2025, upon all attorneys included on the ECF notice in case number 1:25-CR-00252 (CJN).

*/s/ Nicholas Silverman*
**STEPTOE LLP**

*Counsel for Defendant Sean Charles Dunn*
