**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 1:25-cr-252 (CJN)** |
| **v.** | : | |
| | : | |
| **SEAN CHARLES DUNN** | : | |
| | : | |
| *Defendant.* | : | |

<u>**UNITED STATES' REPLY TO DEFENDANT'S OPPOSITION AND RESPONSE TO**</u>
<u>**GOVERNMENT'S MOTION *IN LIMINE***</u>

The United States of America, through the undersigned counsel, respectfully submits this reply to the Defendant's opposition and response to the Government's motion *in limine*. On October 15, 2025, the Government filed a motion *in limine*, seeking to preclude the Defendant from presenting: (A) irrelevant evidence or argument about potential punishment or consequences of the charged offense; (B) irrelevant evidence or argument regarding the procedural history of the case; (C) irrelevant evidence or argument about policy or political considerations concerning the Administration's efforts to prevent crime and preserve order through the Keep D.C. Safe and Beautiful Initiative, to the extent it does not serve as motive evidence of the Defendant, and (D) improper impeachment evidence. ECF No. 21. On October 27, 2025, the defendant filed his opposition and response. ECF No. 25. The Government now submits this reply.

**A. Potential Punishment or Consequences of the Charged Crime is Irrelevant.**

The Government is requesting that the Court preclude the Defendant from presenting evidence or argument relating to potential punishment or consequences of the charged conduct. The Defendant concedes that he will not introduce "affirmative evidence of the penalties or consequences" of the charged offense, ECF No. 25 at 1; however, he opposes preclusion of other

irrelevant collateral consequences occurring, as a result of his criminal conduct – including the loss of his job.

The Defendant makes the broad claim that preclusion of such evidence would improperly restrict the Defendant's right to testify, and that he is entitled to provide background information about himself, if he chooses to testify. *Id*., at 2. The Defendant goes on to cite numerous cases in which defendants were permitted to testify about background information. The Defendant's argument, however, misses the mark.

In this case, the Government does not object to the Defendant introducing background evidence, in the event he testifies; the Government is concerned about the Defendant injecting irrelevant evidence into the case for the purpose of garnering sympathy with the jury. In this matter, it has been publicly reported that the Defendant was fired from his federal job, after and as a result of his criminal conduct in this case. The Defendant was an employee of the U.S. Department of Justice. His subsequent firing, even if true, is not relevant to the charged conduct and risks inflaming the passions of the jury. Furthermore, the reported firing would not constitute other impeachable evidence, since the Government's intended witnesses had no role in, or personal knowledge of, any administrative consequences incurred by the Defendant as a result of his criminal conduct. Any attempt to introduce evidence or argument about the Defendant's subsequent firing, the reason for the firing, or inference that he has been "punished enough" would be confusing to the jury and entirely improper. The Defendant has failed to show otherwise.

**B.  Procedural History of the Case is Irrelevant.**

The Government is requesting the Court to preclude irrelevant evidence and argument regarding the procedural history in the case. The Defendant's response can be broken into three parts. First, the Defendant concedes that he will not introduce evidence of the procedural history

2

in the case, which presumably includes a subsequent arrest (August 13th) on a criminal complaint and possible grand jury proceedings, absent the Government opening the door to this topic. ECF No. 25 at 4. The Defendant then confuses the purpose of the Government's motion and argues that the circumstances surrounding the Defendant's arrest on the night of the assault (August 10th) are admissible. The Government intends to introduce statements that the Defendant made at the time of and shortly after his arrest on August 10th. These statements, which were not in response to questioning, are highly relevant to the Defendant's intent and motivation for the assaulting a federal officer. For example, the Defendant refers to the officers on the scene as fascists and states that the reason he threw a sandwich at the victim was to distract the officers because he believed that they were in the area conducting immigration enforcement. The circumstances surrounding these and the other post-arrest statements are likewise relevant, and the Government is not seeking their preclusion.

In his third bucket, the Defendant appears to argue that post-arrest processing, to include the Defendant's presentment in Superior Court, is relevant because it is somehow probative as to whether the victim was acting within the scope of his official duties. *Id.*, at 4-5. The victim in this case is a federal Agent, employed by U.S. Customs and Border Patrol. On the night that the Defendant assaulted him, he was assisting local law enforcement as part of the Keep D.C. Safe and Beautiful Initiative. The government does not dispute that his official duties are relevant to charged conduct; however, the Defendant's post-arrest processing or charging decisions made by the U.S. Attorney's Office is entirely unrelated to his official duties. In addition, it is common in the District of Columbia for probable cause street arrest to be processed initially through Superior Court, and then, after further investigation, the matters are charged in District Court. To suggest

3

otherwise confuses the issues, and evidence of such would certainly be confusing to the jury. Thus, evidence relating to this third category is irrelevant and should not be admitted at trial.

### C. Policy or Political Considerations Concerning the Administration's Efforts to Combat Crime or Preserve Order in the District of Columbia are Irrelevant.

Here, the Government is not seeking to preclude questions about the victim's official duties, since this is relevant to an element of the charged offense. The Government is concerned that the Defendant will attempt to litigate the Administration's efforts to combat crime and preserve order in the District of Columbia (or elsewhere) – and more specifically, whether efforts, such as, the Keep D.C. Safe and Beautiful Initiative are appropriate. As noted in the Government's motion, these efforts can evoke strong emotions – supporters viewing them as welcomed assistance and critics viewing them as interference. The Government's witnesses may also explain that they were on-duty on August 10th as part of that Initiative. But a criminal jury trial is not the appropriate venue to litigate the appropriateness of that Initiative. That would distract and confuse a jury, and accordingly, should not be admitted at trial.

The Defendant's viewpoint on these issues, to the extent it serves as evidence of motive, intent, or state of mind is relevant. The Defendant concedes as much. ECF No. 25, at 6-7. At trial, the Government intends to offer into evidence statements made by the Defendant during and after the assault that are highly probative of his state of mind, intent, and motivation for the assault. The Government does not seek to limit the Defendant – whether through cross-examination or a defense witness – on this topic. However, political or policy viewpoints held by the Defendant or others, unrelated to the charged conduct, are not relevant and should therefore not be admitted at trial.

4

**D. The Court Should Preclude the Defendant from Presenting Impeachment Evidence for Non-Testifying Witnesses.**

Here, the Government clearly and simply requests that the Defendant conform any attempt to impeach Government witnesses with the Federl Rules of Evidence; and more specifically, that he be precluded from attempting to impeach Government witnesses with statements made by someone other than the witness on the stand. The Government raised this issue in its motion *in limine* to avoid having to object during trial.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    */s/ Michael C. DiLorenzo*
Michael C. DiLorenzo (MD Bar # 931214 0189)
John Parron (PA Bar # 324503 / NY Bar # 5808522)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C.  20530
202-252-7650
202-252-6885
Michael.Dilorenzo@usdoj.gov
John.Parron@usdoj.gov