# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

SEAN CHARLES DUNN,

*Defendant.*

Case No. 25-CR-252 (CJN)

**SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF PROPOSED JURY INSTRUCTIONS**

The defense respectfully submits this brief in further support of its position that simple assault requires proof under one of the three prongs of the Model Penal Code.[1]

The government argued that *Duran*'s definition of assault was *dicta*. It was not. As this Court determined in *Gietzen, Duran*'s definition of assault was part of its holding. "[A] necessary antecedent in determining an issue before the court is not dicta." *Att'y Gen. v. Wynn*, 636 F. Supp. 3d 96, 104 (D.D.C. 2022) (Boasberg, C.J.) (quoting *In re Grand Jury Investigation*, 916 F.3d 1047, 1053 (D.C. Cir. 2019), *aff'd* (D.C. Cir. 2023). The Court is bound not only by the result of a prior case, but also by those portions of the opinion necessary to that result. *Id.*

*Duran* addressed two sufficiency challenges by the defendant. In order to do so, it had to determine the definition of assault. First, *Duran* had to decide whether Duran blindly firing shots as he ran constituted assault against four officers that he did not see. The court determined that while Duran did not so attempt, he did commit assault under the third prong of the Model Penal Code definition: attempting by physical menace to instill fear of imminent serious bodily injury in a third officer. Second, Duran was sentenced to 10 years in prison and the court had to determine whether his crime constituted assault even though his acts were intended to create apprehension of bodily harm and were therefore only simple assault under the Model Penal Code. Aggravated assault under the Modern Penal Code required an attempt to cause harm. Using the Model Penal Code as the common-law definition, the Court held that by criminalizing either use of a dangerous weapon *or* bodily harm (rather than requiring both), Congress made clear its intent for § 111(b) not to adopt the common law

---

[1] This brief is not exhaustive and is limited to responding to today's argument.

definition, as is, but instead to classify use of a dangerous weapon as sufficiently aggravating to give rise to a ten-year sentence. The Court found intent to vary from the Model Penal Code where such intent existed, and it did not do so when it came to the core definition of assault at issue in this case. Instead, the Duran Court's reasoning relied upon the Model Penal Code definition.

We discussed briefly that there is no accepted common law definition of assault. As explained by Wayne LaFave in his discussion of assault and battery, while the traditional trend was to include offensive touching, the modern trend is to require physical harm and intent to cause physical harm. LaFave § 16.2 (collecting statutes from codes around the country). This is also reflected in the Eleventh Circuit and Seventh Circuit jury instructions, both of which require an attempt to cause "bodily injury" or "bodily harm."

The Supreme Court, much like the D.C. Circuit, has repeatedly used the Model Penal Code to interpret assault and similar terms. *See Voisine v. United States*, 579 U.S. 686 (2016) (using Model Penal Code and similar states to define reckless assaults and refusing to "wind the clock back so far" as to determine the ancient common law); *Taylor v. United States*, 495 U.S. 575 (1990) (using the generic, contemporary meaning of "burglary," as approximated by the Model Penal Code, and holding that it would be implausible for the definition of a federal statutory term to differ by state).

Finally, defining assault to sweep in mere "offensive" touching would give rise to significant constitutional issues. Assault is traditionally not protected by the First Amendment *because* it involves violence. *See Wisconsin v. Mitchell*, 508 U.S. 476, 484 (1993) (citing *Roberts v. US Jaycee* and *NAACP v. Claiborne Hardware*, each of which

specified the violence inherent in assault). The Court can avoid these constitutional concerns by invoking the rule of constitutional avoidance and the rule of lenity.

The government cites local D.C. caselaw accepting an offensive touching theory. This federal statute does not apply that local D.C. caselaw. If the government wished to charge an offensive touching, it has a forum to do so: D.C. Superior Court.

Respectfully submitted,

*/s/*
Sabrina P. Shroff (D.D.C. Bar No. NY0481)
80 Broad Street, 19th Floor
New York, NY 10004
Tel: (646) 763-1490
sabrinashroff@gmail.com

Julia Gatto (*Pro Hac Vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
jgatto@steptoe.com

Nicholas Silverman (D.D.C. Bar No. 1014377)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
Tel: (202) 429-3000
Fax: (202) 429-3902
nsilverman@steptoe.com

*Counsel for Defendant*
*Sean Charles Dunn*

Dated: October 30, 2025

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Supplemental Brief was served via ECF, this 30th day of October 2025, upon all attorneys included on the ECF notice in case number 1:25-CR-00252 (CJN).

/s/ Nicholas Silverman
**STEPTOE LLP**

*Counsel for Defendant Sean Charles Dunn*