**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 1:25-cr-252 (CJN)** |
| **v.** | : | |
| | : | |
| **SEAN CHARLES DUNN** | : | |
| | : | |
| *Defendant.* | : | |

**UNITED STATES' SUPPLEMENTAL MEMORANDUM**
**IN SUPPORT OF ITS PROPOSED JURY INSTRUCTION**

The United States of America, through the undersigned counsel, respectfully submits the following supplemental memorandum in support of its proposed jury instruction utilizing the common law definition of assault for violations of 18 U.S.C. § 111(a).

As multiple courts have held, the D.C. Circuit's invocation of the Model Penal Code in *United States v. Duran*, 96 F.3d 1495 (D.C. Cir. 1996), to define the elements of assault for violations of 18 U.S.C. § 111(a) is dicta.  *See United States v. Chestaro*, 197 F.3d 600, 606 (2d Cir. 1999) ("[T]he Duran court's discussion of simple assault was dictum . . . ."); *United States v. Warnagiris*, 2024 WL 1328510, at *2 (D.D.C. Mar. 28, 2024) ("[T]he Court does not believe that the D.C. Circuit's discussion of the Model Penal Code definition of simple assault in *United States v. Duran*, 96 F.3d 1495, 1509 (D.C. Cir. 1996), resolves the question of whether the common-law definition or Model Penal Code definition of simple assault governs these charges.").

In the defendant's motion to strike surplusage (ECF No. 22), he principally relies on *Warnagiris* in support of his argument that Section 111 requires an assault.  (ECF No. 22 at ii, 3). *Warnagiris*, however, rejected the argument that the Model Penal Code definition should apply, and instead used "the common law definition of simple assault."  *Warnagiris*, 2024 WL 1328510, at *2.  The other case the defendant principally relied upon in his motion to strike surplusage,

*United States v. Cua*, similarly held that "the phrase 'simple assault' in § 111(a) should be accorded its 'longstanding and precise meaning under the common law.'" 657 F. Supp. 3d 106, 117 (D.D.C. 2023) (quoting *United States v. Davis*, 690 F.3d 127, 136 (2d Cir. 2012)).  These cases both post-date the D.C. Circuit's decision in *Duran*.

Indeed, *Duran* did not address the "settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms." *United States v. Shabani*, 513 U.S. 10, 13 (1994). There was no discussion in that case of why Congress, in using the common-law terms "assault" and "simple assault," would have meant to incorporate the Model Penal Code's definition of those terms. Indeed, Congress originally enacted Section 111 in 1948, see Pub. L. No. 772, 62 Stat. 683, 688 (June 25, 1948), well before the Model Penal Code was created, *see Dixon v. United States*, 548 U.S. 1, 8 (2006) (noting that Model Penal Code was published in 1962).

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY


By:     */s/ John Parron*
        Michael C. DiLorenzo (MD Bar # 931214 0189)
        John Parron (PA Bar # 324503 / NY Bar # 5808522)
        Assistant United States Attorneys
        United States Attorney's Office
        601 D Street, N.W.
        Washington, D.C.  20530
        202-252-7650
        202-252-6885
        Michael.Dilorenzo@usdoj.gov
        John.Parron@usdoj.gov