**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 25-CR-252 (CJN) |
| SEAN CHARLES DUNN, | |
| *Defendant.* | |

**REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF REGARDING PROPOSED**
**JURY INSTRUCTIONS**

The defense respectfully submits this brief to respond to the government's brief (ECF No. 33) filed this afternoon.  The government previously raised this argument in *United States v. Gietzen* and *United States v. DaSilva*, and the Court correctly rejected it.  *Gietzen* Tr. at 24, No. 22-cr-116 (CJN), Dkt. 64 (D.D.C. Oct. 21, 2023) ("I believe Duran is not dicta, that it does in fact apply the Model Penal Code in a non-dicta setting to 111 counts.  So in *DaSilva* in a … bench instructions context, I held that the Model Penal Code definition of assault applied …."); *id.* at 26 ("And for the reasons I gave in *United States versus DaSilva*, that's 21-cr-564, I viewed the D.C. Circuit case we've been talking about today, *United States versus Duran* from 1996, as controlling on this issue. That case used th Model Penal Code definition of assault in the context of a Section 111 prosecution and appeal.").  The Court was correct for the reasons outlined in Mr. Dunn's oral presentation and supplemental submission (ECF No. 32).

Second the government argues that because Congress originally enacted Section 111 in 1948, the Court should apply the common law as it stood in 1948.  Mr. Dunn believes this is incorrect and that the non-jurisdiction specific Model Penal Code controls the definition of "simple assault."  Even if the government were correct, however, the D.C. Circuit has ruled that the common law, as it stood from at least 1915 through 1985, did not interpret *criminal* assault to prohibit offensive touching.  *See Davis v. Giles*, 769 F.2d 813, 815 (D.C. Cir. 1985).  In *Davis*, the court held that a civil assault verdict did not establish probable cause for a criminal assault case because "[t]here is a distinction between the elements of a civil assault and battery and those of criminal assault."  *Id.*  In parentheticals, the court reasoned that while civil assault and

battery required "only an 'immediate apprehension' of a 'harmful or offensive contact,'"[1]

"criminal assault requires an 'an attempt with force or violence to do a corporeal injury

to another.'"[2]  Even under the government's argument, Mr. Dunn cannot be found

guilty of federal criminal assault based on an allegation that his sandwich throw was

"offensive."

<div style="margin-left:40%">

Respectfully submitted,

*/s/*                    
Sabrina P. Shroff (D.D.C. Bar No. NY0481)
80 Broad Street, 19th Floor
New York, NY 10004
Tel: (646) 763-1490
sabrinashroff@gmail.com

Julia Gatto (*Pro Hac Vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
jgatto@steptoe.com

Nicholas Silverman (D.D.C. Bar No. 1014377)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
Tel: (202) 429-3000
Fax: (202) 429-3902
nsilverman@steptoe.com

*Counsel for Defendant*
*Sean Charles Dunn*

</div>

Dated: October 30, 2025

---

[1] *Id.* (quoting Restatement (Second) of Torts (1965) and *Rogers v. Loews L'Enfant Plaza Hotel*, 526 F. Supp. 523, 529 (D.D.C. 1981)).
[2] *Id.* (quoting *Patterson v. Pillans*, 43 D.C. App. 505, 506 (D.C. 1915)).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply in Support of Supplemental

Brief Regarding Jury Instructions was served via ECF, this 30th day of October 2025,

upon all attorneys included on the ECF notice in case number 1:25-CR-00252 (CJN).


/s/ Nicholas Silverman
**STEPTOE LLP**

*Counsel for Defendant Sean Charles
Dunn*