# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        v.

SEAN CHARLES DUNN,

        *Defendant.*

Case No. 25-CR-252 (CJN)

**DEFENDANT SEAN DUNN SECOND REQUEST TO CHARGE SUBMITTED IN RESPONSE TO THE COURT'S PROPOSED JURY CHARGE ON 18 U.S.C. 111(a)(1)**

The Court's Draft Final Assault Jury Instruction of October 31, 2025, erroneously omits the *sine qua non* of misdemeanor liability under 18 U.S.C. § 111(a): a finding that the person charged committed simple assault.[1]

The Court's current instruction includes:

*Second,* the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Agent Lairmore.

As written, this instruction permits the government to argue to a jury that they can convict Mr. Dunn without proving assault at all. The instruction would allow conviction based solely on proof of forcible resistance, opposition, impediment, intimidation, or interference, which is contrary to the law.

Yesterday's briefing related to the definition of assault, not the requirement of simple assault in general. The requirement of simple assault is explicitly stated in the statutory language and confirmed by the legislative history of the statute. Mr. Dunn requests that the jury be charged that it must find beyond a reasonable doubt that he committed simple assault.

The statute's text may not clearly define "assault," but it clearly states that a finding of "simple assault" is necessary for a conviction under 111(a):

(a) In General.—Whoever—

---

[1] "Simple assault" and "assault" is used synonymously  as they are one and the same, with one difference. The only difference between simple assault and assault is that assault requires actual physical contact, a deadly or dangerous weapon, an actual bodily injury, or intent to commit other felonies. *United States v. Hathaway*, 318 F.3d 1001 (10th Cir. 2003) (codified in 18 U.S.C. § 111 via 2008 amendments); *see* 153 Cong. Rec. S15789-90 (Dec. 17, 2007) (statement of Senator Kyl explaining intent to "codify[] what I believe is the most thoughtful explanation of what this ['all other cases'] language means, the 10th Circuit's decision in [*Hathaway*]").

> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or

> (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(a).

Misdemeanor criminal liability cannot attach unless "the acts in violation of this section constitute only simple assault." As written, the Court's proposed jury instructions do not contain this requirement.

Judges in this jurisdiction have repeatedly recognized that a misdemeanor conviction requires proof of a simple assault. Judge Sookanan imposed that requirement in *United States v. Reid*, No. 25-cr-244. Although she defined simple assault without the benefit of adversarial briefing, her decision to impose the simple assault requirement *did* follow such an adversarial process. *See* Dkt. 27 at 36 n.5; Dkt. 34; Dkt. 35; Minute Entry for 9/30/2025 Pretrial Conference (requiring the government to file any argument that simple assault is not an element); Dkt. 43; Dkt. 46.

In *Reid*, the government conceded that its argument was contrary to Judge Moss's reading of 18 U.S.C. § 111 in *United States v. Cua*, where he held that the simple-assault provision "require[s] an assault." *See* Dkt. 43 at 7-8 (quoting *Cua*, 657 F. Supp. 3d 106, 113-16 (D.D.C. 2023). The government "disagree[d] with Judge Moss's interpretation" and urged Judge Sookanan to reject it. Judge Sookanan did not. She

agreed with Judge Moss's reading of § 111(a)'s language and its requirement that a misdemeanor demands proof of simple assault. This Court, as it has done before, should do the same.

This Court and Judge Friedman have likewise concurred with Judge Moss's interpretation, and each has observed that misdemeanor liability would require proof of an assault. *See United States v. Warnagiris*, 699 F. Supp. 3d 31, 46 (D.D.C. 2023); Trial Day One Tr. at 23, *United States v. Gietzen*, No. 22-cr-116, Dkt. 64 (D.D.C. Aug. 28, 2023) (noting that the Court had relied on Judge Moss's "taxonomy of how one can violate 111"); Hr'g Tr. at 17, *United States v. DaSilva*, No. 21-cr-564 (D.D.C. May 23, 2023) ("On the question of assault, I've reviewed the papers, and I continue to be of the view that Judge Moss has it right with respect to the three categories of conduct that are prohibited by Section 111; that is to say, I'll call it, quote-unquote, simple assault; that's Category 1; Category 2 is assault with physical contact; and then Category 3 is forcible nonassault acts defined by the statute with intent to commit another felony."). Under that taxonomy: "assault is not a requirement of proving a violation of 111 in that third bucket. It is, of course, for the first two." *DaSilva* May 23, 2023 Tr. at 18. When it comes to whether assault is an element, Judge Moss, Judge Friedman, Judge Sookanan, and this Court's previous statements are correct: it is.

Judge Sookanan heard and rejected government argument related to the instruction proposed herein by Mr. Dunn. In *Reid*, the government argued that four circuits had held (typically in felony cases), that requiring assault as an element of "every § 111 offense would render the remaining five verbs superfluous." Gov't Br. re Assault at 8, *Reid*, Dkt. 43 (quoting *United States v. Stands Alone*, 11 F.4th 532, 535

4

(7th Cir. 2021). But as the Second Circuit held in *Davis*—that is not true because the remaining five verbs remain applicable to felony liability or even misdemeanor liability in a case where there is simple assault but not an aggravating factor necessary for assault, like physical contact. *United States v. Davis*, 690 F.3d 127 (2d Cir. 2012) (finding that assault is a necessary element of the misdemeanor offense under Section 111(a)); *United States v. Wolfname*, 835 F.3d 1214, 1218 (10th Cir. 2016) (finding assault is always a necessary element for any offense under Section 111(a), including misdemeanor simple assault); and *United States v. Chapman*, 528 F.3d 1215, 1218 (9th Cir. 2008) (same).

In *Reid*, the government also argued that requiring simple assault for misdemeanor liability would "rip a hole in the legislative scheme" and "produce[] an absurd result." *Reid* Dkt. 43 at 8-9. But, it is the failure to require simple assault that would create absurdity and contravene Congress's statutory scheme, and cause error leading to a wrongful conviction.[2]

From 1994 to the present, the statute has contained the misdemeanor simple assault clause. From 1994 to 2008, it contained a misdemeanor for "simple assault" involving the six verbs (assaulting, threatening, impeding, intimidating, interfering with, or opposing) and a felony for "all other cases" involving the same six verbs. If "simple assault" was synonymous with a violation of those six verbs—as the draft jury instructions would have one conclude—then there were no "other cases" and no felony offense for those fourteen years. Indeed, Congress' 1994 change—despite being

---

[2] The defense's surplusage briefs addressed this issue, and for the avoidance of all doubt, the defendant hereby incorporates by reference the arguments in the surplusage briefs and oral argument in support thereof.

contained in a section of the Act labeled "Increased Penalties for Assault"—would have reclassified all felonies into misdemeanors under the government's reading (as opposed to creating a misdemeanor in addition to the felonies, which is Mr. Dunn's reading). That cannot be the case. Congress would not have rendered the felony offense surplusage. Instead, "simple assault" applied only in cases of "simple assault" and did not apply to non-assaultive felony conduct. Simple assault's application has never been eliminated, or changed. It remains the same today.

Judge Sookanan correctly rejected the government's arguments that simple assault was not required in *Reid*. This Court should do the same.[3]

Respectfully submitted,

/s/ _____
Sabrina P. Shroff (D.D.C. Bar No. NY0481)
80 Broad Street, 19th Floor
New York, NY 10004
Tel: (646) 763-1490
sabrinashroff@gmail.com

Julia Gatto (*Pro Hac Vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
Fax: (212) 506-3950
jgatto@steptoe.com

Nicholas Silverman (D.D.C. Bar No. 1014377)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795

---

[3] Should the Court deny this request, the defense seeks to submit proposed additional jury instructions. Most importantly, the jury must be instructed that it cannot find Mr. Dunn guilty of resisting, opposing, impeding, intimidating, threatening, or interfering with the CBP Agent based on Mr. Dunn's constitutionally protected speech. The jury will also need to be instructed on the definition of a true threat and any other exclusion from Free Speech that the government seeks to apply.

Tel: (202) 429-3000
Fax: (202) 429-3902
nsilverman@steptoe.com

*Counsel for Defendant*
*Sean Charles Dunn*

Dated: October 31, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Second Request to Charge was

served via ECF, this 31st day of October 2025, upon all attorneys included on the ECF

notice in case number 1:25-CR-00252 (CJN).


*/s/* Nicholas Silverman
**STEPTOE LLP**

*Counsel for Defendant Sean Charles
Dunn*