UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> SEAN CHARLES DUNN, <br><br> *Defendant.* | Case No. 25-CR-252 (CJN) |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS BASED ON INCLUSION OF NON-ASSAULTIVE PROHIBITIONS**

In light of the Court's determination to instruct the jury on resisting, opposing, impeding, intimidating, or interfering with a law enforcement officer, the defense respectfully requests that the jury be instructed as follows:

I.  FIRST AMENDMENT PROTECTIONS

The First Amendment to the United States Constitution guarantees the right to free speech, including the right to complain about public policy.[1] This protection is at the core of our democratic system and reflects a profound national commitment to uninhibited, robust, and wide-open debate on public issues.[2] To the extent that Mr. Dunn's speech is protected by the First Amendment, you cannot convict Mr. Dunn on

---

[1] *Snyder v. Phelps*, 562 U.S. 443, 451-52 (2011) (quoting *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 758-759 (1985)); *see also* Jury Instr., *United States v. Dukes*, No. 4:17-CR-00010-JHM, 2018 WL 4381090 (W.D. Ky. June 15, 2018) ("The First Amendment of the Constitution protects the rights of individuals to complain about public officials, which includes the right to complain to the government about the conduct of public officials without being retaliated against for those complaints.").

[2] *Snyder*, 562 U.S. at 452 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)).

the basis of his speech.³

    I instruct you that the First Amendment protects speech even if it constitutes vehement, scathing, and offensive criticism of public officials, including law enforcement officers.⁴ The First Amendment also protects political exaggeration or expressions of opinion.⁵· The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers. Such speech is protected even if that speech is insulting, offensive, disagreeable, opprobrious, obscene, upsetting, arouses contempt, or even if it is outrageous.⁶

---

³ U.S. Const. amend. I; *see* Jury Instr. at 13, *United States v. Rhodes*, No. 1:22-CR-00015, 2022 WL 17340460 (D.D.C. Nov. 18, 2022) ("You may not find that a defendant committed a crime . . . simply because you find that a defendant, or other individuals, engaged in speech you find to be offensive."); Jury Instr. at 26, *United States v. Facteau*, No. 15-cr-10076, Dkt. 436 (D. Mass. July 15, 2016) ("You may not convict a Defendant of a crime based solely on [protected speech] promoting [a medical] device, even if the use being promoted is not a cleared or approved use.") *see also* Jury Instr., *United States v. Francis*, No. 3:05-cr-00027-RV-ALL, 2005 WL 5653477 (N.D. Fla. June 7, 2005) ("Verbal conduct is protected by the First Amendment. Mere words alone cannot amount to disorderly conduct unless they are fighting words, words known to be false, or reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others, such as shouting 'Fire' in a crowded theater.").

⁴ Jury Instr. at 17, *United States v. Hunt*, No. 21-cr-86, 2021 WL 1718706 (E.D.N.Y. Apr. 28, 2021) ("As this is a case involving speech, I advise you that the First Amendment protects vehement, scathing, and offensive criticism of public officials, including Members of Congress."); Jury Instr. *United States v. Rachell*, No.14-cr-25 (DLC), 2014 WL 4070997 (D. Mont. July 1, 2014) ("The First Amendment protects vehement, scathing, and offensive criticism of public officials, including United States Presidents.").

⁵ *Hunt* Jury Instr. ("The First Amendment therefore protects political exaggeration or expressions of opinion.").

⁶ *Snyder v. Phelps*, 562 U.S. 443, 458 (2011) ("[Westboro Church protestors'] speech cannot be restricted simply because it is upsetting or arouses contempt. "If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable. … [I]n public debate [we] must tolerate insulting, and even outrageous, speech in order to provide adequate 'breathing space' to the freedoms protected by the First Amendment. What Westboro said, in the whole context of how and where it chose to say it, is entitled to "special protection" under the First Amendment, and that protection cannot be overcome by a jury finding that the picketing was outrageous."); *Lewis v. City of New Orleans*, 415 U.S.

Mr. Dunn's use of protected speech cannot constitute assault, resistance, intimidation, opposition, impediment, intimidation, or inference for purposes of applying my other instructions.[7]

The only circumstance in which you can convict Mr. Dunn based on his speech is if you find that the government has proven beyond a reasonable doubt that Mr. Dunn's speech constituted "fighting words" as I will define that term. "Fighting words" are words that by their very utterance inflict injury or tend to incite an immediate breach of the peace.[8] This test is particularly difficult to meet in cases involving words addressed a law enforcement officer, because a properly trained officer may reasonably be expected to exercise a higher degree of restraint than the average citizen and thus be less likely to respond belligerently to fighting words.[9] You can only consider Mr.

---

130, 132 (1974) (striking down statute making it "unlawful to curse or revile or to use obscene or opprobrious language toward or with reference to a police officer while in performance of his duties"); Velazquez v. City of Long Beach, 793 F.3d 1010, 1020 (9th Cir. 2015) ("While police ... may resent having obscene words and gestures directed at them ... they may not exercise the awesome power at their disposal to punish individuals for conduct that is not merely lawful, but protected by the First Amendment. Indeed, an expression of disapproval toward a police officer ... falls squarely within the protective umbrella of the First Amendment and any action to punish or deter such speech--such as stopping or hassling the speaker--is categorically prohibited by the Constitution."); *State v. Suhn*, 759 N.W. 2d 546 (S.D. 2008) (vacating conviction for disorderly conduct for shouting obscenities at police officers).

[7] *See City of Houston v. Hill*, 482 U.S. 451, 462-63 (1987) (holding that statute prohibiting verbally opposing, molesting, abusing, or interrupting policemen was unconstitutional because "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state").

[8] *Hill*, 482 U.S. at 461-62.

[9] *Id.* at 462; *accord Enlow v. Tishomingo Cnty.*, 962 F.2d 501, 509 (5th Cir. 1992) (holding that the fighting words doctrine was particularly difficult to meet when the audience is a law enforcement officer); *Payne v. Pauley*, 337 F.3d 767, 776 (7th Cir. 2003) ("[T]he First Amendment protects even profanity-laden speech directed at police officers. Police officers reasonably may be expected to exercise a higher degree of restraint than the average citizen and should be less likely to be provoked into misbehavior by such speech."); *United States v.*

Dunn's words as potential violations of the statute at issue if you find beyond a reasonable doubt that they in fact inflicted injury or tended to incite an immediate breach of the peace by the officers to whom they were addressed.

II.   DEFINITION OF RESISTS, OPPOSES, IMPEDES, INTIMIDATES, OR INTERFERES WITH

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" are not as broad as their everyday, ordinary meanings. I instruct you that none of the terms can be satisfied by Mr. Dunn's speech and instead only conduct can constitute resisting, opposing, impeding, intimidating, or interfering with.[10]

To "resist" means to oppose by physical power, striving against, exerting one's self to counteract, defeat, or frustrate.[11]

To "oppose" means to resist by physical means.[12]

---

*Hazlewood*, 2007 WL 1888883, at *11 (W.D. Tex. June 20, 2007) (vacating disorderly conduct conviction because defendant's profane outbursts at police were not fighting words and therefore could not constitutionally be the basis of a conviction).

[10] In addition to the sources of authority cited in Instruction I, see *In re EDP,*. 573 A.2d 1307, 1309 (D.C. 1990) (in response to First Amendment objection, the Court held that a statute prohibiting "impeding" or "interfering" with a police officer would be narrowly construed to physical conduct rather than speech); Redbook § 4.114 ("Speech … is not enough to constitute 'resisting' or 'interfering.'").

[11] Sand Model Instr. 14-6 ("The word 'resist' means opposing by physical power, striving against, exerting one's self to counteract, defeat, or frustrate."); *see also* Redbook § 4.114 ("'Resisting' or 'interfering' requires active confrontation, obstruction, or action directed against the officer that precluded the officer from carrying out his/her official duties.")

[12] Sand Model Instr. 14-7 ("'oppose' means to resist by physical means.").

To "impede" means stopping progress, obstructing, or hindering by physical means.[13]

To "intimidate" means to engage in conduct that would have caused any police officer in the situation of the agent reasonably to be in fear and that could prevent any agent in that situation from performing his/her duties.[14]

To "interfere with" means to come into collision with or to intermeddle with by physical means.[15]

Respectfully submitted,

/s/
Sabrina P. Shroff (D.D.C. Bar No. NY0481)
80 Broad Street, 19th Floor
New York, NY 10004
Tel: (646) 763-1490
sabrinashroff@gmail.com

Julia Gatto (*Pro Hac Vice*)
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 506-3900
jgatto@steptoe.com

---

[13] *See* Sand Model Instr. 14-7 ("'[I]mpede' means stopping progress, obstructing, or hindering."); In re EDP,. 573 A.2d 1307, 1309 (D.C. 1990) (in response to First Amendment objection, the Court held that a statute prohibiting "impeding" or "interfering" with a police officer would be narrowly construed to physical conduct rather than speech).

[14] Redbook § 4.114 ("[[Name of defendant] intimidated a police officer if s/he engaged in conduct that would have caused any police officer in the situation of [name of complainant] reasonably to be in fear and that could prevent any police officer in that situation from performing his/her duties.]").

[15] *See* Sand Instr. 14-7 ("'[I]nterfere with' means to come into collision with, to intermeddle, to hinder, to interpose, to intervene."); *see also City of Houston v. Hill*, 482 U.S. 451, 465-67 (1987) (statute criminalizing mere words that interfere with an officer held unconstitutional); Redbook 4.114 (noting that speech cannot constitute interfering and there must be active confrontation, obstruction, or action).

                                         Nicholas Silverman (D.D.C. Bar No. 1014377)
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
Tel: (202) 429-3000
nsilverman@steptoe.com

*Counsel for Defendant*
*Sean Charles Dunn*

Dated: November 2, 2025