**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 25-CR-252 (CJN) |
| SEAN CHARLES DUNN, | |
| *Defendant*. | |

**DEFENDANT'S PROPOSED JURY INSTRUCTION DEFINING FORCIBLY**

A. <u>The Court Should Instruct the Jury that "A Person Acts Forcibly if He or She Attempts to Inflict Bodily Harm Upon Another With the Present Ability to Inflict Such Harm"</u>

This Court instructed in *United States v. DaSilva*, No. 21-cr-564 (CJN), Dkt. 76 (D.D.C. July 13, 2023) that "A person who has the present ability to inflict bodily harm upon another and who … attempts to inflict bodily harm upon that person acts forcibly."

Just last month, Judge Sooknanan adopted a similar instruction in a case involving a lack of violent touching. There, the jury was instructed that:

> "The term 'forcibly' means by use of force. Physical force is sufficient, but actual physical contact is not required. A person acts forcibly if she threatens or attempts to inflict bodily harm upon another, with the present ability to inflict bodily harm. Therefore, a threat to use force at some unspecified time in the future does not satisfy the forcibly element."

Jury Instr. at 24, *United States v. Reid*, No. 25-cr-244 (SLS) (D.D.C. Oct. 16, 2025). The *Reid* instruction is a correct statement of law and should be given here.

As here, the government in *Reid* proposed instructing the jury that "[a] person acts forcibly if she threatens or attempts to inflict bodily harm upon another, with the

present ability to inflict bodily harm." Parties' Prop. Jury Instr. at 37, *Reid*, Dkt. 27 (D.D.C. Sept. 16, 2025).[1]  And as here, the government cited the O'Malley pattern instruction as an accurate statement of the definition of "forcibly."  That instruction defines "forcibly assaults" to mean "any deliberate and intentional attempt or threat to inflict physical injury upon another with force or strength when that attempt or threat is coupled with an apparent present ability to do so."  O'Malley et al., 2 Fed. Jury Prac. & Instr. § 24:08 (6th ed.).  It was only once mooting a case against Sean Dunn this past weekend that the government decided that its previous position—taken from a pattern instruction and given by Judge Sookanan and this Court in one instance[2]—could be improved upon to a defendant's detriment.

>   B.  <u>The Court Should Not Instruct the Jury That "the Amount of Force Used Need Only Be Minimal"</u>

The D.C. Circuit has advised courts of its conclusion that whether a defendant's opposition of federal agents' efforts involved "sufficient force to engage the statute can … be a troublesome question of degree."  *United States v. Cunningham*, 509 F.2d 961, 963-64 (D.C. Cir. 1975) (holding that defendant's thrashing, kicking, biting, and exhortations for others to join in the violence and did not raise such a "troubling [question]").  If the government's proposed definition was correct, there would be no

---

[1] Notably, the government cried foul when Ms. Reid attempted to rely on an out-of-circuit case for her definition of forcibly.  Out-of-circuit precedent contravening *Cunningham* and *United States v. Duran* is the sole authority cited by the government to justify its proposed instruction that "The amount of force need only be minimal."

[2] *See DaSilva* Instr. ("A person who has the present ability to inflict bodily harm upon another and who … attempts to inflict bodily harm upon that person acts forcibly.").  In *Gietzen*, the Court included the word "also," but it followed the assertion that "actual physical contact is not required," and was describing an alternative method of establishing force rather than addressing the quantum of physical force necessary.  The word "also" served to transition from physical contact to the alternative of threatened contact.

"question of degree"—troublesome or otherwise. *Any* force would be "sufficient force to engage the statute."

The pattern instructions are unanimous in omitting the government's suggested embrace of "minimal" force. While their instructions vary (with several coalescing around O'Malley), not one contains the government's proposed instruction. *See* O'Malley et al., 2 Fed. Jury Prac. & Instr. § 24:08 (6th ed.); Sand Instr. 14-4; Fifth Circuit Pattern Jury Instr. 2.07; Seventh Circuit Pattern Jury Instr. at 191; Eighth Circuit Pattern Jury Instr. 6.18.111; Ninth Cir. Pattern Jury Instr. § 8.1 Tenth Circuit Pattern Jury Instr. 2.09; Eleventh Circuit Pattern Jury Instr. O1.1. Nor has this Court given such a broad definition of "force."[3] Nor does law enforcement apply such a broad definition of "force" to its own conduct.[4]

Expanding the definition of "forcibly" beyond the pattern instructions and this Court's past practice would contravene congressional intent to protect officers from physical violence. This is a felony statute that was intended to "protect federal officers" because states were not protecting federal personnel from *violence*. *See United States v. Feola*, 420 U.S. 671, 683-84 (1975). Specifically, states were excluding federal officers from "aggravated assault" statutes applicable to assault on state officers, and were not

---

[3] Nor do courts in this district appear to give such an instruction. *See, e.g.*, *United States v. Bingham*, No. 22-cr-92 (DLF), 2024 WL 6841292; *United States v. Tryon-Castro*, No. 23-cr-35 (RC), 2024 WL 5430933; *United States v. Purdy*, No. 22-cr-19 (RCL), 2024 WL 6472366; *United States v. Gossjankowski*, No. 21-cr-123 (PLF), 2023 WL 4087589; *United States v. Schwartz*, No. 21-cr-178 (APM), Dkt. 172. It is possible that the government will locate an outlier case, but Mr. Dunn cannot find one.

[4] *See, e.g.*, D.C. Metro. Police Academy, 5.1 Use of Force Overview, https://mpdc.dc.gov/sites/default/files/dc/sites/mpdc/publication/attachments/5.1%20Use%20of%20Force%20Overview%20FINAL.pdf (use of force policy defining "force" to include only actions rising to the level of "physical coercion used to affect, influence, or persuade an individual to comply with an order").

providing adequate assurances that those who committed "murder" against federal officers would be prosecuted. *Id.* Congress therefore passed 18 U.S.C. § 111 to protect federal officers against physical violence. There was no intent that § 111 would extend to all touching—no matter how innocuous. Applying felony liability to such de minimis violations would have implicated serious constitutional concerns and engendered lengthy debates. The absence of such debate is telling. *See United States v. McGoff*, 831 F.2d 1071, 1090 (D.C. Cir. 1987) ("If, as the Government maintains, Congress did intend the draconian measure of effectively eliminating the statute of limitations, the obvious question arises why the Article I branch did not accomplish this remarkable result in a more straightforward fashion … and why such an unusual (indeed drastic) step did not engender any discussion or debate.").

    C.    <u>Conclusion</u>

For the forgoing reasons, Mr. Dunn respectfully requests that the jury be instructed on the definition of "forcibly" that:

> "The term 'forcibly' means by use of force. Physical force is sufficient, but actual physical contact is not required. A person acts forcibly if she threatens or attempts to inflict bodily harm upon another, with the present ability to inflict bodily harm. Therefore, a threat to use force at some unspecified time in the future does not satisfy the forcibly element."

    Respectfully submitted,

*/s/*
Sabrina P. Shroff (D.D.C. Bar No. NY0481)
80 Broad Street, 19th Floor
New York, NY 10004
Tel: (646) 763-1490
sabrinashroff@gmail.com

Julia Gatto (*Pro Hac Vice*)
STEPTOE LLP
1114 Avenue of the Americas

        New York, New York 10036
        Tel: (212) 506-3900
        jgatto@steptoe.com

        Nicholas Silverman (D.D.C. Bar No. 1014377)
        STEPTOE LLP
        1330 Connecticut Avenue, N.W.
        Washington, DC 20036-1795
        Tel: (202) 429-3000
        nsilverman@steptoe.com

        *Counsel for Defendant*
        *Sean Charles Dunn*

Dated: November 3, 2025