**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 1:25-cr-252 (CJN)** |
| **v.** | : | |
| | : | |
| **SEAN CHARLES DUNN** | : | |
| | : | |
| *Defendant.* | : | |

<u>**UNITED STATES'S PROPOSED FORCIBLE JURY INSTRUCTION**</u>

On October 31, 2025, the parties received guidance from the Court regarding the definition of "forcibly" in 18 U.S.C. § 111(a). As currently formulated, forcibly is defined as follows:

> The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the law enforcement officer. The term "forcibly" means by use of force. Physical force is sufficient, but actual physical contact is not required. The amount of force used need only be minimal. A person acts forcibly if he threatens or attempts to inflict bodily harm upon another, with the present ability to inflict bodily harm. Therefore, a threat to use force at some unspecified time in the future does not satisfy the forcibly element.

To resolve a potential ambiguity in the instruction regarding whether "forcibly" requires a person to "threaten[] or attempt[] to inflict bodily harm upon another, with the present ability to inflict bodily harm," the Government proposes adding the word "also" to the second to last sentence of the instruction, so the instruction reads:

> The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the law enforcement officer. The term "forcibly" means by use of force. Physical force is sufficient, but actual physical contact is not required. The amount of force used need only be minimal. A person **<u>also</u>** acts forcibly if he threatens or attempts to inflict bodily harm upon another, with the present ability to inflict bodily harm. Therefore, a threat to use force at some unspecified time in the future does not satisfy the forcibly element.

The law is clear that a threat or attempt to inflict bodily harm, as well as a present ability to inflict bodily harm, is not necessary to establish the "forcibly" element, and that either a touching, a threat, or an attempt is sufficient. *See United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) ("The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases); *United States v. Sommerstedt*, 752 F.2d 1494, 1496 (9th Cir. 1985) ("[A] defendant may be convicted of violating section 111 if he or she uses any force whatsoever against a federal officer"); *United States v. Fernandez*, 837 F.2d 1031, 1035 (11th Cir. 1988) (same); *United States v. Gass*, 1996 WL 465839, at *1 (4th Cir. Aug. 16, 1996) (non-precedential) ("No particular level of force is required to prove the offense--only a willful attempt to inflict injury or a threat to inflict injury coupled with a present ability to do so."); *United States v. Mathis*, 579 F.2d 415, 418 (7th Cir. 1978) ("A verdict of guilty of assault or interference with a federal official without a weapon under 18 U.S.C. § 111 requires evidence that the defendant used some quantum of force or threat of force in committing the offense."); *United States v. Frizzi*, 491 F.2d 1231, 1232 (1st Cir. 1974) (holding "that spitting in the face" is a "forcible assault, or, more exactly, a battery falling within the statutory description 'forcibly assaults, resists, opposes, impedes, intimidates or interferes.' Although minor, it is an application of force to the body of the victim, a bodily contact intentionally highly offensive."); *United States v. Hernandez*, 921 F.2d 1569, 1577 (11th Cir. 1991) (Section 111 "may be violated . . . by minimal physical contact . . . or even without the presence of any physical contact") (citing cases); *United States v. Alsondo*, 486 F.2d 1339, 1345 (2d Cir. 1973) (noting that, when a defendant "lifted his hand menacingly, as though to shove Lightcap, and did

in fact shove him," "both acts [were] sufficient to constitute a crime under section 111"); *United States v. Byrd*, 208 F.3d 592, 596 (7th Cir. 2000) ("But even if the shackles prevented Byrd from actually striking the officers, his threatening 'display of physical aggression' toward them was sufficient to constitute an assault under 18 U.S.C. sec. 111."); *Lucas v. United States*, 443 F. Supp. 539, 544 (D.D.C. 1977) (recognizing that § 111 "includes the lifting of a menacing hand toward the officer, or shoving him"). The Government's proposed addition would resolve any ambiguity, and accord with the law.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY


By:    */s/ John Parron*_____
Michael C. DiLorenzo (DC Bar # 450279)
John Parron (PA Bar # 324503 / NY Bar # 5808522)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C.  20530
202-252-7650
202-252-6885
Michael.Dilorenzo@usdoj.gov
John.Parron@usdoj.gov

3